**GMAC MORTGAGE CORPORATION OF PA, Appellee**

v.

**Robert P. BUCHANAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 2007.

Filed June 11, 2007.

Michael S. Travis, Camp Hill, for appellant.

Michael M. Bradford, Philadelphia, for appellee.

BEFORE: HUDOCK, KELLY and JOHNSON, JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is an appeal from an order denying a petition to set aside a sheriff's sale. We affirm.

¶ 2 As the trial court has explained, on October 28, 1987, Appellant Robert P. Buchanan executed a promissory note secured by a mortgage on a residential property located at 353 Dorward Court in Etters, Pennsylvania (York County). Mr. Buchanan defaulted on his obligations under the mortgage by ceasing to make the monthly payments that came due on or after April 1, 2004. Appellee GMAC Mortgage Corporation (GMAC) initiated a mortgage foreclosure action on October 18, 2004. A default judgment of foreclosure was entered against Mr. Buchanan on December 22, 2004.

¶ 3 The subject property was listed for sheriff's sale in York County on Monday, April 18, 2005. One business day prior to the scheduled sheriff's sale, on Friday, April 15, 2005, Mr. Buchanan filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code.[1] Mr. Buchanan's bankruptcy filing forced the stay of the April 18, 2005, sheriff's sale under the automatic stay provisions of the Bankruptcy Code. 11 U.S.C.S. § 362. Mr. Buchanan's bankruptcy petition subsequently was dismissed on June 15, 2005, for failure to file the necessary documents. Appellant's Brief at 7.

¶ 4 A second writ of execution was issued for the subject property on July 1, 2005, and the property was relisted for sheriff's sale on Monday, October 17, 2005. On Thursday, October 13, 2005, two business days before the scheduled sale, Mr. Buchanan filed a second bankruptcy petition. The sheriff's sale for the subject

1. 11 U.S.C.S. §§ 101–1330.

property thus was stayed a second time. Thereafter, Mr. Buchanan's second bankruptcy petition was dismissed on December 12, 2005, again for failure to file the necessary documents. *Id.*

¶ 5 A third writ of execution was issued for the subject property, and it was again listed for sheriff's sale. On February 27, 2006, Mr. Buchanan was personally served with notice of the sale, which was scheduled to be held at 2:00 p.m. on Monday, May 1, 2006. Trial Court Opinion, 12/27/06, at 2. *See* Sheriff Service Process Receipt and Affidavit of Return, 2/27/06 (documenting personal service on February 27, 2006). Thus, Mr. Buchanan was placed on notice of the pending sale more than two months before the scheduled date. On Friday, April 28, 2006, one business day before the sheriff's sale, Mr. Buchanan initiated another bankruptcy petition. This was the third bankruptcy petition filed within the immediately preceding twelve month period during which two previous such petitions were pending and dismissed. (As discussed below, under the amendments to the Bankruptcy Code applicable in this case, no automatic stay provision applied to this bankruptcy petition.) On April 28, 2006, an employee of Mr. Buchanan's counsel sent a facsimile copy of the notice of bankruptcy filing to the York County Sheriff's Office. She subsequently contacted the Sheriff's Office and allegedly was informed orally, by an unnamed person, over the telephone, that the subject property would be removed from sheriff's sale.

¶ 6 The property was not removed from sheriff's sale, the sale went on as scheduled, and the property was sold to a third party on May 1, 2006. On May 10, 2006, Mr. Buchanan filed a petition in state court to set aside sheriff's sale.[2] Mr. Buchanan filed a brief in support of this petition, and GMAC filed a brief in opposition. In an order and opinion docketed October 27, 2006, the trial court denied the petition to set aside sheriff's sale. On November 6, 2006, a schedule of distribution was filed. Mr. Buchanan filed exceptions to the sheriff's schedule of distribution. On November 21, 2006, Mr. Buchanan (hereafter Appellant) filed a timely notice of appeal. On that same day, the trial court entered an order directing him to file a Rule 1925(b) statement. The trial court's docket indicates that Appellant timely complied.

¶ 7 On November 21, 2006, Appellant requested a supersedeas from the trial court. The trial court granted the supersedeas on November 28, 2006, upon the condition that Appellant post bond in the amount of $120,500.00 within five business days of the trial court's order. The trial court's order explicitly stated that the supersedeas would be lifted automatically in the event Appellant failed to post the required bond. *See* Trial Court Order, 11/28/06. Appellant subsequently petitioned this Court for a supersedeas, which we denied on December 6, 2006. Appellant indicates that on January 30, 2007, after a hearing, the trial court denied his

2. Mr. Buchanan also apparently initiated proceedings in the United States Bankruptcy Court for the Middle District of Pennsylvania seeking a stay pursuant to his third bankruptcy petition. On May 23, 2006, the bankruptcy court issued an order confirming that the bankruptcy stay provisions were in effect "after notice and hearing." However, the bankruptcy court's order explicitly states that the stay was in effect "as to all creditors, **except** GMAC Mortgage Corporation, as of May 23, 2006, or until further order of the Court." Plaintiff's Response to Petition to Set Aside Sheriff's Sale, 3/30/06, Exhibit "B" (*In Re Robert Paul Buchanan,* Bankruptcy Court Order, 5/23/06 (Bk. No. 1–06–bk–00808 MDF Chapter No. 13) (emphasis added)).

exceptions to the sheriff's schedule of distribution. Appellant's Brief at 6.

¶ 8 Appellant presents two issues for our consideration: (1) was Appellant denied his due process rights when an unnamed person in the Office of the Sheriff of York County orally informed an employee of Appellant's counsel that the subject property would be removed from the sale list but the property was not removed thereafter; and (2) was Appellant denied his due process rights when the trial court denied his petition to set aside sheriff's sale without conducting a hearing in the matter? *See* Appellant's Brief at 4. The trial court has not filed a separate Rule 1925(a) opinion but has entered an order electing to rely on the opinion docketed on October 27, 2006.

¶ 9 "The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Kaib v. Smith*, 454 Pa.Super. 67, 684 A.2d 630, 632 (1996). A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. *Id.*, 684 A.2d at 631. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. *Id.* When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion. *Blue Ball National Bank v. Balmer*, 810 A.2d 164, 167 (Pa.Super.2002).

¶ 10 An abuse of discretion is not merely an error of judgment. *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 658 A.2d 341, 343 (1995). Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court. *Id.*

> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116, 1123 (2000) (citations omitted).

¶ 11 As an initial point, we understand Appellant's assertion that bankruptcy law changed on October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) [3] which altered, *inter alia*, the automatic stay provisions relevant to Appellant's situation. *See* 11 U.S.C.S. § 362 (History; Ancillary Laws and Directives: House Judiciary Report; and Amendments (2005)). Six months later, on April 28, 2006, when Appellant filed his third bankruptcy petition, the automatic stay provision applicable to this case stated the following:

> (4) (A)(i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b) [11 U.S.C.S. § 707(b)], the stay under subsection (a)

---

**3.** Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23 (2005) (Act of April 20, 2005, effective in 180 days).

shall not go into effect upon the filing of the later case[.]

11 U.S.C.S. § 362(c)(4)(A)(i). Appellant contended, before both the United States Bankruptcy Court for the Middle District of Pennsylvania and the Court of Common Pleas of York County, that BAPCPA created differentiated stays, one against the debtor and one against the property of the estate. He also argued that, because an application for automatic stay was pending before the bankruptcy court at the time of the sheriff's sale, a valid sale could not be conducted until the bankruptcy matter was heard. Both the bankruptcy court and the trial court rejected these claims.

¶ 12 Appellant complains that he was denied due process of law on the grounds that he was entitled to rely on an oral representation allegedly made by an unnamed member of the Sheriff's Office that purportedly indicated that the subject property would be removed from sheriff's sale. In support of this claim, Appellant characterizes the fact that the property was not removed from the list as a "relisting" of the property, which required the Sheriff's Office to issue a new notice of sale pursuant to Rules of Civil Procedure 3132 and 3129.3. Appellant further asserts that he was operating under the mistaken belief that the law governing his third bankruptcy petition pending within a twelve month period triggered the automatic stay provisions of the Bankruptcy Code although the applicable statutory provision clearly indicates that the contrary is true.

¶ 13 Both the bankruptcy court and the trial court found that no automatic stay was in place on May 1, 2006, the date of the sheriff's sale. Additionally, the trial court found that Appellant was fully apprised of the mortgage debt, that he was afforded both actual and legal notice of the sheriff's sale months before the scheduled date, but he failed to cure the default on a timely basis so as to preclude the sale. Trial Court Opinion, 10/27/06, at 4. The trial court also found that, because Appellant had more than adequate notice of the pending sale, he was afforded ample time in which to request emergency relief from a court prior to the sheriff's sale. *Id.* Appellant did not do so. *Id.*

¶ 14 Appellant has not cited to any case law, statutory provision, statewide procedural rule or local rule that would either permit or require a sheriff to remove a property scheduled for sheriff's sale from the sale list when no automatic stay in bankruptcy actually exists. Nor has Appellant cited to any case law, statutory provision or rule of procedure, either statewide or local, that entitled him to rely on oral representations by unnamed persons given over the telephone that a property will be removed from the list for a scheduled sheriff's sale. Appellant was properly notified of the date and time of the sheriff's sale, and neither he nor counsel appeared at the sale to verify that the property was removed from the list.

¶ 15 We understand Appellant's contention that he was entitled to receive notice that the property was relisted. However, the property was not, in fact, "relisted." It was never removed from the sale list. Appellant has not cited to any authority that requires the sheriff to provide notice that a property has not been removed from the pending sale list. Under these circumstances, we cannot agree that Appellant was deprived of his due process rights. We see no basis on which we could conclude that the trial court committed an abuse of discretion in refusing to grant the petition to set aside sheriff's sale.

¶ 16 Appellant next complains that he was denied due process because the trial court did not hold a hearing on his petition to set aside sheriff's sale. Appel-

lant argues that it constituted an abuse of discretion for the trial court to rule on his petition in the absence of a hearing. The general rule is that it is within the discretion of the trial court to determine whether briefs and/or oral argument are required to rule on a petition; it is also within the discretion of the trial court to decide whether a matter can be best disposed of from a review of the record alone. *Thomas v. Elash,* 781 A.2d 170, 177 (Pa.Super.2001).

¶ 17 We understand Appellant's argument that BAPCPA altered bankruptcy law in a way that is unfair in his particular case. However, that is a federal matter not within the purview of Pennsylvania state courts to address. It was unnecessary for the trial court to hold a hearing to ascertain whether Appellant misunderstood bankruptcy law and mistakenly believed he had the benefit of a stay pursuant to section 362 even though the automatic stay provisions clearly did not apply to Appellant's third petition. Whether a telephone call was or was not made to the sheriff's office does not alter the fact that no stay in bankruptcy was in place on the date of the sheriff's sale. As noted above, Appellant has not cited to any statutory provision, case law, statewide rule or local rule that absolved him from the responsibility of verifying that his real property was removed from the sheriff's sale list. In light of these facts, we cannot conclude that the trial court committed an abuse of discretion in declining to conduct a hearing pursuant to Appellant's petition to set aside sale.

¶ 18 Order affirmed.