J-S40014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OCWEN LOAN SERVICING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL VUONO | |
| Appellant | No. 1673 EDA 2015 |

Appeal from the Order Entered May 11, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 3383-CV 09

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Paul Vuono appeals from the May 11, 2015 order denying his petition to set aside a sheriff's sale.  We affirm.

On November 18, 2005, Appellant executed a mortgage on his residential property located at 165 Old Route 940 a/k/a 85 Old Route 940, Pocono Lake, Pennsylvania for the sum of $140,000.00.  Appellant defaulted on the mortgage and note by failing to make the payment due July 1, 2008, and on the first day of successive months thereafter.  Appellant subsequently made some payments through a Trial Home Affordable Modification Program, but failed to adhere to the payment plan, and again defaulted.

On April 21, 2009, Ocwen Loan Servicing's predecessors-in-interest[1] (collectively "Lender") commenced a mortgage foreclosure action against Appellant with respect to the Pocono Lake real estate. Appellant, represented by counsel, filed an answer and new matter, to which Lender responded.[2] Lender subsequently moved for summary judgment on April 24, 2012, which was granted in its favor on June 27, 2012, and Lender was awarded damages in the amount of $177,086.99, plus interest and costs.

On November 1, 2013, a Monroe County sheriff's deputy personally served Appellant at his residence with notice of a sheriff's sale scheduled for that property on March 27, 2014. Notice of the impending sheriff's sale appeared in the Monroe Legal Reporter and Pocono Record on February 28, March 7, and March 14, 2014.

The sale of the property was postponed until May 29, 2014. A series of continuances followed, and each time Lender provided notice to Appellant of its motions to continue the sheriff's sale, and the rescheduled sales, at the

---

[1] The action was commenced by Countrywide Home Loans Servicing, L.P. The mortgage was assigned to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. on October 13, 2011. Ocwen Loan Servicing, Appellee herein, purchased the mortgage, and recorded that assignment on April 30, 2014.

[2] On November 9, 2010, counsel for Appellant petitioned for leave to withdraw and the court issued a rule to show cause as to why counsel should not be permitted to withdraw. No response having been filed, the trial court granted a motion to make the rule absolute on December 9, 2010, and granted counsel's petition to withdraw.

above-mentioned property, and additionally at HC 87, Box 85, Pocono Lake, PA 18347-9726. Appellant did not object.[3] The property was ultimately sold at sheriff's sale on February 26, 2015, where Lender purchased it for cost.

On March 18, 2015, Appellant filed a timely petition to set aside the sheriff's sale and to stay the delivery of the sheriff's deed. The court granted the stay, and scheduled a hearing on Appellant's petition on May 8, 2015. On that date, Appellant failed to appear, and as a result, on May 15, 2015, the trial court denied his petition and lifted the stay. Following the hearing, Appellant sent the trial judge a letter, which the judge's administrative staff returned unopened to Appellant.

On June 4, 2015, Appellant filed a notice of appeal to the Superior Court. The trial court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he complied. The court filed an opinion pursuant to Pa.R.A.P. 1925(a), and this matter is now ready for our review.

Appellant raises two questions for our consideration:

A. Whether the learned trial judge applied the correct equitable standard for determining the petition to set aside sheriff's sale where then *pro se* homeowner defendant's petition pointed out how plaintiff misled the court in plaintiff/Appellee's seriatim requests for prior Sheriff's Sale continuances, consequently locking down the lack of need for future notice of future Sheriff's Sales, stating the reason for the

---

[3] The sheriff's sale was postponed once to address Lender's motion to reassess damages, and another time on Lender's motion to permit the loan to be sold and the mortgage assigned to Ocwen Loan Servicing.

continuances were in order to facilitate negotiations with the defendant, which in fact was a false and fabricated reason, as no efforts to negotiate were undertaken, repeatedly, but where homeowner missed the hearing on his petition?

B. Whether Appellee's *pro se* post-hearing letter to the Court should have been considered as a request for Reconsideration set forth sufficient evidence of a legitimate non discriminatory rationale for terminating Appellant, causing a review of the actual petition, where the Learned Court below suggested defendant could have done so?

Appellant's brief at 4.

Lender first argues this appeal must be quashed as a result of Appellant's failure to properly preserve these issues for review. Appellee's brief at 9. Specifically, Lender alleges that the issues raised in Appellant's brief were not included in his Rule 1925(b) statement, and therefore, they are waived. ***Id***.

Examination of Appellant's Rule 1925(b) statement reveals that he averred that the trial court should have permitted Appellant the opportunity to explain why he missed the hearing and that it should have read his letter. Appellant's Statement of Matters Complained of on Appeal, 6/26/15, at unnumbered 2. Appellant also contended the court failed to review his petition to set aside the sheriff's sale after he missed the hearing, and that the petition should have been considered, or "after [receipt of his] letter, reconsidered." ***Id***.

The issues presented in Appellant's brief may be fairly construed as raising these same complaints. Appellant's first issue in his brief lodges an

attack upon the "equitable standard" employed by the trial court in denying his petition. As his petition was denied as a result of his failure to appear, we presume, similar to his first Rule 1925(b) complaint, that Appellant argues the trial court unfairly denied his petition without considering the arguments within. Appellant's second issue implores us to find that the court erred in failing to treat his *ex parte* communication as a motion to reconsider his petition. This raises a similar objection to his second Rule 1925(b) grievance, which also called for reconsideration of his petition based on the contents of his letter.

Moreover, the trial court addressed Appellant's Rule 1925(b) claims and resolved those issues by stating that Appellant's petition was denied since he did not appear and present evidence in support of his averments, and that, as a matter of procedure, the court does not act upon *ex parte* communications. Thus, we reject Lenders' entreaty to quash this appeal. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1059 (Pa. 2007), (holding that if a trial court has understood an appellant's claim and outlined its reasons for a ruling, a Pa.R.A.P. 1925(b) statement should not be strictly construed so as to prevent a just resolution of the case).

We begin our analysis by observing, "upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale

- 5 -

and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132. Furthermore,

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

*GMAC Mortg. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa.Super. 2007) (citations and quotation marks omitted).

As noted above, Appellant first contends the trial court erred in denying his petition due to his failure to appear, without considering the allegations contained therein. Appellant maintains that his absence was "due to a mix up." Appellant's brief at 9. Without citing to any authority, Appellant points to what he characterizes as Lender's purported general denials of certain averments, which he claims constitute admissions, and Appellant's status as a *pro se* litigant, to conclude that the court should have reviewed his petition, "recognized the unclean hands of [Appellee]," and "dismiss[ed] the foreclosure case." *Id*. at 9-10. We find no merit in Appellant's position.

Here, Appellant filed his petition to set aside the sheriff's sale prior to the delivery of the sheriff's deed. The court granted a stay, and scheduled a hearing. Appellant's burden at that hearing was to present evidence supporting his averments, and to establish good cause to set aside the sheriff's sale. **Buchanan**, **supra**; Pa.R.C.P. 3132. Appellant's allegations, including his assertion that he did not receive notice of the rescheduled sheriff's sale, were disputed. By failing to attend the hearing and adduce evidence in support of his contentions, he failed to meet his evidentiary burden. Hence, the trial court did not err in denying his petition.

Appellant next contends the court erred in failing to review the letter Appellant sent to chambers following the denial of his petition, treat it as a request for reconsideration, and grant it. Appellant's brief at 10. Appellant asserts the court has inherent power to reconsider its own rulings, and pursuant to Pa.R.C.P. 126, it may disregard procedural defects which do not affect the substantial rights of the parties. **Id**. at 11. Relying again upon his status as a *pro se* litigant, Appellant maintains that the court should have reviewed the letter to decide if his case merited reconsideration, rather than returning it unread. **Id**. We disagree.

Initially we note that, "although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins v. Marsico**, 903 A.2d 1281, 1285 (Pa.Super. 2006). In its Rule 1925(a) statement, the trial court asserted

- 7 -

that it does not consider *ex parte* communications, regardless of whether the party is represented by an attorney or acting *pro se*. Trial Court Opinion, 7/8/15, at 3; ***See also*** Pennsylvania Code of Judicial Conduct Rule 2.9 ("A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter," with exceptions not applicable here.).

Appellant did not file of record any document seeking reconsideration of the trial court's denial of his petition. Thus, there was no motion pending that the court could grant. Furthermore, after Appellant filed his notice of appeal to this Court, the trial court was divested of jurisdiction to reconsider the denial of his petition. On the facts before us, we find no abuse of discretion on the part of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016