J-S34016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLISON WHITTENBERG | |
| Appellant | No. 3577 EDA 2016 |

Appeal from the Order Entered October 14, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013, No. 00698

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 29, 2017**

Appellant Allison Whittenberg appeals from the order denying her motion to set aside the sheriff's sale of her home. Appellee Bayview Loan Servicing, LLC, has also filed a motion to dismiss this appeal. We deny Bayview's motion to dismiss and affirm the trial court's order denying Whittenberg's motion to set aside the sheriff's sale.[1]

JP Morgan Chase Bank filed this mortgage foreclosure action against Whittenberg on September 5, 2013. The mortgage was originated on January 19, 2006, and secured by property at 1737 Naudain Street in Philadelphia. Trial Ct. Op., 1/20/17, at 1.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] As set forth below, we initially issued a memorandum decision on November 20, 2017, denying Bayview's motion to dismiss and affirming the trial court's order denying Whittenberg's motion to set aside the sheriff's sale. On December 4, 2017, Whittenberg filed an Application for Reconsideration, which we granted.

On September 6, 2013, the trial court entered a case management order that required Whittenberg to appear at a conciliation conference on December 19, 2013, pursuant to the court's Residential Mortgage Foreclosure Diversion Program. On that date, the trial court cancelled the conciliation conference, after having determined that Whittenberg had not been served with the complaint and case management order.

On March 17, 2014, JP Morgan Chase transferred the mortgage to Bayview by an assignment of mortgage recorded in the Office of the Philadelphia Recorder of Deeds. On October 16, 2014, a praecipe for voluntary substitution pursuant to Pa.R.C.P. 2352 was filed by JP Morgan and Bayview.

On November 4, 2014, JP Morgan filed a praecipe to schedule another conciliation conference.[2] The docket reflects that on November 10, 2014, at 11:33 a.m., the court scheduled a conciliation conference, but the record reflects no order. The next entry on the docket is dated November 12, 2014, at 12:31 a.m., and states "NOTICE GIVEN." There is no corresponding filing in the record, and thus this Court has no additional details about what took place regarding notice of scheduling of the conference. As discussed below, Whittenberg has disputed whether she received notice of the conciliation conference. Pet. to Set Aside the Aug. 2,

---

[2] Although the praecipe for voluntary substitution had already been filed, the praecipe to schedule another conciliation conference still listed JP Morgan as the plaintiff and merely stated that it had been filed by the "plaintiff."

2016 Sheriff's Sale, 8/22/16, at 3 n.1. The parties, however, do not dispute that a conciliation conference was scheduled for January 8, 2015. Whittenberg's Brief at 2, 4; Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 3 ¶ 8; Bayview's Brief at 4; Pl.'s Resp. to Def.'s Pet. to Set Aside Sheriff's Sale, 9/12/16, at ¶ 8. Whittenberg failed to appear at that conference.

On January 8, 2015, the trial court entered an order stating, "[Whittenberg] having failed to appear for the First Conciliation Conference, [Bayview] is free to enter a default judgment against [Whittenberg] to the extent permitted by the applicable [R]ules of Civil Procedure." First Conciliation Conference Listing Order, 1/8/15. According to the trial court, "Whittenberg never filed an Answer and [Bayview] entered a default judgment on January 12, 2015. On January 27, 2015, [Bayview] entered a Praecipe for Writ of Execution." Trial Ct. Op., 1/20/17, at 1.

On April 21, 2015, Whittenberg filed a motion to postpone the sheriff's sale by completing a form petition on which, in the section asking that she "state the reason for postponement," she stated:

> I am a veteran of the U.S. Army.
> **I was not served with papers regarding trail** [sic] **date.**
> Lawyers for Bayside Loan Services repeatedly lied.
> Notification was entered into to but money was refused.
> Paid 80% of home's worth.

Whittenberg's Pet. to Postpone Sheriff's Sale of Real Prop., 4/21/15, at 2 (unpaginated and emphasis added). She wrote that if she were granted a postponement, she would recoup her loss and would not be homeless, and

asserted that she and her son would have a home and security. *Id.* The court scheduled a hearing for April 23, 2015.

As recounted by the trial court —

On April 23, 2015, following the hearing, th[e trial c]ourt docketed an Order granting Whittenberg's Motion to Postpone Sheriff's Sale and further postponing the sale until June 2, 2015.[3]

On September 18, 2015, [Bayview] entered a second Praecipe for Writ of Execution. On October 21, 2015, Whittenberg filed a Petition to Open/Strike Judgment, to which [Bayview] filed its opposition on November 10, 2015.

Trial Ct. Op., 1/20/17, at 1-2.[4] In her one-page, handwritten motion to open or strike the judgment, Whittenberg wrote: "Never served with notice fraud documentation." Mot. to Open/Strike J., 10/21/15, at 4 (unpaginated). Whittenberg repeated the identical language in her accompanying one-page, handwritten memorandum of law. *Id.* at 5 (unpaginated).

The trial court considered Whittenberg's motion to open the judgment, despite Whittenberg's ten-month delay in filing it,[5] and denied the motion on December 17, 2015, "because [Whittenberg] has failed to provide this Court

---

[3] There are no notes of testimony in the certified record for the hearing on April 23, 2015.

[4] The handwritten date on the motion to open default judgment was October 16, 2015.

[5] Typically, pursuant to Pa.R.C.P. 237.3(b)(2), a petition to open a default judgment should be "filed within ten days after the entry of a default judgment on the docket." Here, the default judgment was filed on January 12, 2015. Whittenberg filed her *pro se* motion to open the judgment on October 21, 2015, more than ten months after the entry of the default judgment.

with any legal bases to either Strike or Open the January 12, 2015, Default Judgment." Order, 12/17/15. Whittenberg did not appeal the court's denial of her motion to open the judgment.

The trial court's procedural summary continues:

On November 13, 2015, Whittenberg filed a second Motion to Postpone Sheriff's Sale and a Rule before the Hon. Nina Wright Padilla was issued for November 24, 2015. Following the hearing, the Hon. Nina Wright Padilla entered an Order granting Whittenberg's Motion to Postpone Sheriff's Sale and further postponing the sale until December 1, 2015. . . .

On February 11, 2016, Whittenberg filed a third Motion to Postpone Sheriff's Sale and a Rule before th[e trial c]ourt was issued for February 25, 2016. Following the hearing, th[e trial c]ourt docketed an Order on February 26, 2016 denying Whittenberg's Motion to Postpone Sheriff's Sale, citing the two previous postponements.

Trial Ct. Op., 1/20/17, at 2.[6]

The same day the trial court docketed its order, February 26, 2016, Whittenberg filed a Chapter 13 bankruptcy petition in the Eastern District of Pennsylvania. Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, Ex. B, Docket for Bankruptcy Petition Number 16-11265. That petition was dismissed on March 15, 2016. *Id.* In the interim, Whittenberg filed a fourth motion to postpone the sheriff's sale. Following a hearing, Judge Wright Padilla dismissed Whittenberg's motion without prejudice on April 1, 2016. Trial Ct. Op., 1/20/17, at 2.

---

[6] On March 9, 2016, Whittenberg appealed the trial court's order denying her motion to postpone the sheriff's sale to the Commonwealth Court, which transferred the appeal to this Court (No. 1761 EDA 2016). We quashed Whittenberg's appeal on July 11, 2016.

On April 4, 2016, after Whittenberg filed a second Chapter 13 bankruptcy petition in the Eastern District of Pennsylvania, Bayview moved to postpone the sheriff's sale in light of the automatic stay under the Bankruptcy Code. Judge Wright Padilla granted Bayview's motion. Trial Ct. Op., 1/20/17, at 2-3. On April 22, 2016, the Bankruptcy Court dismissed Whittenberg's second bankruptcy petition. Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, Ex. B, Docket for Bankruptcy Petition Number 16-11265. Nevertheless, on May 31, 2016, Bayview filed another motion to postpone the sheriff's sale, stating that "[t]here is pending litigation that must be resolved before the Sheriff can offer the property for Sheriffs Sale." Mot. for Postponement of Sheriff's Sale, 5/31/16, at ¶ 2.[7] The trial court granted Bayview's motion on June 2, 2016.

On July 29, 2016, Whittenberg filed her fifth motion to postpone the sheriff's sale. Following a hearing, the trial court docketed an order on August 2, 2016 that denied Whittenberg's motion. On August 2, 2016, the property was sold at a sheriff's sale to a third party purchaser for $350,000. Trial Ct. Op., 1/20/17, at 3.

On August 22, 2016, Whittenberg filed a petition to set aside the sheriff's sale. In her petition, she acknowledged, "A conciliation conference was schedule for January 8, 2015 and Ms. Whittenberg failed to appear."

---

[7] Although Bayview's motion to postpone the sheriff's sale did not specify the "pending litigation," it presumably was referring to the appeal then pending in this Court, which was not quashed until July 11, 2016.

Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 3 ¶ 8 (citation to the record omitted). In a footnote, she added that there was "some dispute as to whether or not Ms. Whittenberg received notice of this conciliation conference." *Id.* at n.1. In the memorandum of law accompanying her petition, under the heading "Questions Presented," Whittenberg listed one issue:

> Should the August 2, 2016 Sheriff's Sale of the property located at 1737 Naudain Street . . . be set aside pursuant to Pa. R. Civ. P. 3132 as the property sold at Sheriff's Sale for significantly less than market value depriving Ms. Whittenberg of significant value in the home, and failing to allow her to pay off the loan entirely when she has the means to do so?

Mem. of Law in Supp. of Def. Allison Whittenberg's Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 1-2. Whittenberg argued that the "Sheriff's sale should be set aside as the sale price was grossly inadequate." Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 7 ¶ 44. She maintained that the property is "in a highly desirable area in Philadelphia" and has "two bedrooms, two bathrooms, approximately 1300 square feet, and has a remodeled kitchen." *Id.* at 9 ¶ 57. For these reasons, she believed that the property "is worth far more than the Sheriff's Sale price[.]" *Id.* at 8 ¶ 50. She asserted that, although "[s]he does not currently have an updated payoff amount," "should the sale be set aside, she would ask for that information and proceed with obtaining the necessary loan to pay what is owed in full." *Id.* at 10 ¶ 66. She also insisted that "los[ing] her home

. . . will greatly disrupt" her life and the life of her "small child who is in third grade this fall." *Id.* at 11 ¶ 73.

Despite the one footnote asserting "some dispute as to whether or not Ms. Whittenberg received notice of this conciliation conference," Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 3 n.1, at no point in her petition to set aside the sheriff's sale or supporting memorandum of law did Whittenberg assert that the sale was improper because she did not receive notice of the conciliation conference on January 8, 2015, which led to the default judgment against her. *See generally id.*; Mem. of Law in Supp. of Def. Allison Whittenberg's Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16. On October 14, 2016, the trial court denied Whittenberg's petition to set aside the sheriff's sale in an order that did not provide any reasoning.[8]

On November 14, 2016, Whittenberg filed an appeal from the order denying her petition to set aside the sheriff's sale. The trial court never ordered Whittenberg to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Whittenberg never filed one.

During the pendency of this appeal, the party who purchased the property at the sheriff's sale successfully filed an ejectment action against Whittenberg. On September 29, 2017, Bayview filed a motion with this Court to dismiss Whittenberg's appeal as moot because the third party purchaser now owns the property; Bayview contends that the transfer of

---

[8] A copy of the order was sent to Whittenberg pursuant to Pa.R.C.P. 236(b) on October 17, 2016.

possession makes it impossible for this Court to issue an order in favor of Whittenberg that would have any legal force or effect. Whittenberg filed a response to this motion on October 27, 2017. In view of our disposition, we do not reach the substance of Bayview's motion and deny it as moot.

On November 20, 2017, this Court entered a memorandum decision denying Bayview's motion to dismiss and affirming the trial court's order denying Whittenberg's motion to set aside the sheriff's sale. ***Bayview Loan Servicing v. Whittenberg***, No. 3577 EDA 2016 (Pa. Super., Nov. 20, 2017). On December 4, 2017, Whittenberg filed an application for reargument in which she claimed that the Court's memorandum was incorrect in stating that "at no time did Whittenberg ask the trial court to have the default judgment set aside because she did not receive notice." Application for Reargument, at 1, citing ***Bayview***, No. 3577 EDA 2016, at 5.[9] This Court then granted reconsideration and withdrew its November 20, 2017 memorandum decision. This memorandum replaces the memorandum that was withdrawn.

Whittenberg raises the following issues on appeal to this Court:

---

[9] In her Application for Reargument, at 2, Whittenberg also argued that this Court's memorandum decision "did not address the other of the thirteen issues raised by Answer to Application to Dismiss filed October 27, 2017[.]" However, "[n]o question will be considered unless it is stated in the statement of questions involved [in the appellate brief to this Court] or is fairly suggested thereby." Pa.R.A.P. 2116(a). None of the other issues in Whittenberg's Answer were raised in her appellate brief. In any event, we denied Bayview's Application to Dismiss as moot.

1.    Whether [Whittenberg]'s lack of notice of the first scheduled January 8, 2015 conciliation conference through generation and service of a Case Management Order scheduling the same, thereby causing her failure to appear and termination from the Residential Mortgage Foreclosure Diversion Program, rendered a Sheriff sale defective or otherwise constituted proper cause to set aside the sale.

2.    Whether the Sheriff sale price was grossly inadequate given the discount from the appraised value and [Whittenberg]'s lack of notice and opportunity to participate in the conciliation conference as part of the Residential Mortgage Foreclosure Diversion Program, which presented the possibility of retaining all equity, an outcome obtaining a higher and better value than the sale.

Whittenberg's Brief at 2.

We review Whittenberg's issues for an abuse of discretion:

A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court.    The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale.    When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

***GMAC Mortg. Corp. of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007) (citations omitted).

Whittenberg first contends that she did not receive notice of the mandatory conciliation conference scheduled for January 2015, which led to entry of the default judgment and eventual sheriff's sale.    Whittenberg's Brief at 11.    Whittenberg argues that because of the lack of notice, the sheriff's sale "was defective."    ***Id.***    Whittenberg, however, did not argue in

- 10 -

her petition to set aside the sheriff's sale that the sale was defective for lack of notice. We agree that Whittenberg stated there was "some dispute as to whether or not [she] received notice." Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 3 n.1. But Whittenberg argued that the sale should be set aside because the sale price was grossly inadequate — not because of a lack of notice of the conciliation conference, which led to the default judgment. *See id.* at ¶ 8; Mem. of Law in Supp. of Def. Allison Whittenberg's Pet. to Set Aside the Aug. 2, 2016 Sheriff's Sale, 8/22/16, at 1-2. Because "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal," Pa.R.A.P. 302(a), and Whittenberg failed to properly raise the notice issue before the trial court, she cannot raise it for the first time in this Court.[10] Accordingly, Whittenberg has not demonstrated entitlement to relief.

Next, Whittenberg urges this Court to find that:

> The sheriff sale price was grossly inadequate given the discount from its appraised value and [Whittenberg]'s lack of notice and opportunity to participate in the conciliation conference as part of the residential mortgage foreclosure diversion program, which presented the possibility of retaining all her equity. An equity loss of $279,587 cannot therefore be reasonably justified.

---

[10] In her October 21, 2015 application to open the January 12, 2015 default judgment, Whittenberg included a cryptic statement that said, "Never served with notice fraud documentation." Mot. to Open/Strike J. at 4, 5 (unpaginated). The trial court denied Whittenberg's motion to open the default judgment on December 17, 2015, and Whittenberg did not appeal that denial to this Court.

Whittenberg's Brief at 17. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the second issue Whittenberg has raised on appeal. The trial court opinion properly disposes of the question presented. *See* Trial Ct. Op., 1/20/17, at 4-5 (finding that (1) the record was devoid of any proper cause for the trial court to set aside the sheriff's sale, and (2) the sheriff's sale price was "approximately 55% of the 2015 appraisal and 63% of the estimated $550,000 market value, which does not rise to the level of gross inadequacy required by the courts of this Commonwealth"). Accordingly, we hold that the final challenge raised by Whittenberg merits no relief and affirm this issue on the basis of the trial court's opinion. The parties are instructed to attach a copy of the trial court's opinion dated January 20, 2017, to all future filings that reference this Court's decision.

Order affirmed. Motion to dismiss denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

- 12 -