J-S33003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M&T BANK, SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD MELHEM | : | |
| | : | No. 3349 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered October 21, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2016-C-3078

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED AUGUST 19, 2020**

Appellant, Edward Melhem, appeals from the October 21, 2019 Order entered in the Court of Common Pleas of Lehigh County denying and dismissing his Petition to Set Aside Sheriff Sale. After careful review, we find Appellant's issues waived and, therefore, we affirm.

Appellee, M&T Bank, obtained a judgment against Appellant on August 4, 2017, in an underlying mortgage foreclosure action. Appellee foreclosed on Appellant's property and sold it at sheriff's sale on August 23, 2019. Appellee provided notice of the sale to Appellant by U.S. Mail on April 26, 2019.

Appellant filed a Petition to Set Aside Sheriff's Sale on September 11, 2019. On October 21, 2019, the court denied and dismissed Appellant's Petition by Order. Appellant filed a timely *pro se* Notice of Appeal. The trial

_____

[*] Former Justice specially assigned to the Superior Court.

court did not require Appellant to file a Pennsylvania Rule of Appellate Procedure 1925(b) Statement, but did file a Rule 1925(a) Opinion. Appellant presents two issues for our review:

> 1. Did the trial court abuse its discretion and commit an error of law by denying Appellant's Petition to Set Aside without a hearing?
>
> 2. Did the trial court abuse its discretion and commit an error of law by using facts not contained in the record as a basis for denying Appellant's Petition?

Appellant's Br. at 4 (rephrased for clarity).

We review a trial court's ruling on a petition to set aside a sheriff's sale for an abuse of discretion. **GMAC Mortgage Corp. of Pa. v. Buchanan**, 929 A.2d 1164, 1167 (Pa. Super. 2007). "[I]t is within the discretion of the trial court to determine whether briefs and/or oral argument are required to rule on a petition; it is also within the discretion of the trial court to decide whether a matter can be best disposed of from a review of the record alone." **GMAC Mortgage Corp. of Pa.**, 929 A.2d at 1169.

In his first issue, Appellant contends that the trial court erred in dismissing his Petition without a hearing to address his allegation that Appellee provided him deficient notice of the sheriff's sale. Appellant's Br. at 7. However, Appellant fails to specify how Appellee's notice was improper and in what way the trial court abused its discretion by declining to hold a hearing on the matter. **See** Trial Ct. Op., 12/16/19, at 2 (finding Petition to Set Aside Sheriff's Sale lacking in specificity).

In his second issue, Appellant generally avers that the trial court erred by relying on "documents not contained in the Petition" in deciding to deny and dismiss his Petition. Appellant's Br. at 8. Again, Appellant fails to specify which documents the trial court relied upon and how it erred in doing so.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Id.*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

As stated above, Appellant failed to include vital information in his brief with regard to both of his issues, in substantial violation of the Rules of Appellate Procedure. By doing so, Appellant has impeded this Court's ability to conduct a meaningful appellate review. To undertake review of Appellant's issues would require us to scour the record and craft an argument on his behalf from nearly whole cloth. We will not do so.

Because Appellant has woefully underdeveloped his argument, we are constrained to find Appellant's issues waived.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *8/19/2020*