J-S45017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WOODLANDS BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT S. SCHNARS AND LEANN M. | : | |
| SICKELS | : | |
| | : | No. 878 MDA 2025 |
| Appellants | : | |

Appeal from the Order Entered June 2, 2025
In the Court of Common Pleas of Lycoming County Civil Division at
No(s): CV-2022-00952-CV

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: FEBRUARY 19, 2026**

Robert S. Schnars (Schnars) and Leann M. Sickels (Sickels) (collectively, Appellants) appeal from the order denying their petition to set aside a sheriff's sale in this mortgage foreclosure action. After careful review, we affirm.

Appellants owned property located on Tallman Hollow Road in Montoursville, Pennsylvania (the Property). On October 3, 2017, Appellants executed a mortgage on the Property in favor of Woodlands Bank (Bank), as well as a promissory note in the amount of $420,000.00, plus interest. The promissory note provides for initial monthly payments of $2,739.35, subject to a specified payment schedule and a variable interest rate. The promissory note also specifies a maturity date of October 3, 2037.

---

[*] Retired Senior Judge assigned to the Superior Court.

Bank initiated the instant mortgage foreclosure action by filing a complaint on September 27, 2022. Bank alleged the mortgage was in default as of July 3, 2018, when Appellants stopped making the monthly payments outlined in the mortgage agreement and promissory note. Bank also alleged an outstanding balance of $509,274.22.[1]

Additionally, Bank issued a notice and certification concerning the mortgage foreclosure diversion program. Appellants promptly filed an election to participate in settlement conferences under the diversion program. On October 18, 2022, the trial court issued a stay order;[2] ordered the case to be placed in the diversion program; and directed Bank to issue a notice of participation to Appellants and North Penn Legal Services. Subsequently, Gabrielle Tock, Esquire (Attorney Tock), entered her appearance on behalf of Schnars.[3]

On February 22, 2024, Bank filed a motion to lift the stay. Bank alleged that, as part of the diversion program settlement conferences, Bank submitted a loss mitigation packet to North Penn Legal Services. Appellants independently submitted completed loss mitigation applications. Bank

---

[1] The outstanding balance includes the remaining principal, interest, late charges, "other charges," and attorney's fees.

[2] The stay order was docketed on October 21, 2022.

[3] Attorney Tock's praecipe to enter appearance references only Schnars. The record does not contain a separate praecipe to enter appearance on behalf of Sickels.

subsequently notified Appellants that their respective loan modification requests were denied. The motion further detailed the following:

11. By email dated March 8, 2023, Attorney Tock advised [Bank] that [] Schnars filed for financial relief through the Pennsylvania Homeowners Assistance Fund ("PAHAF") relative to the Property, and requested [that Bank] withhold filing for a status conference with the [c]ourt pending resolution of [] Schnars' application. …

12. On September 18, 2023, [Bank] received a Chapter 13 Bankruptcy Notice from the U.S. Bankruptcy Court for the Middle District of Pennsylvania regarding a Chapter 13 Bankruptcy filing by [] Schnars at Docket 4:23-BK-02045. …

13. By [o]rder of [c]ourt dated October 24, 2023, the Bankruptcy Court dismissed [] Schnars' bankruptcy action … due to his failure to provide certain financial information to the Bankruptcy Court. …

14. Following dismissal of [] Schnars' bankruptcy action, on October 30, 2023, undersigned counsel for [Bank] contacted Attorney Tock via email requesting an update on [] Schnars' PAHAF application. …

15. By email dated November 2, 2023, Attorney Tock advised that she contacted [] Schnars[] regarding his PAHAF application and that she will provide a further update when more information is available …

16. Since the November 2, 2023, email from Attorney Tock, [Bank and its counsel] have yet to receive an update from [] Schnars or his counsel regarding the present status of his application with PAHAF.

Motion to Lift Stay and Removal From Mortgage Diversion Program, 2/22/24, ¶¶ 11-16.[4]

_____

[4] Bank also averred that it had previously initiated a separate foreclosure action against Appellants concerning the Property. *See* Motion to Lift Stay
*(Footnote Continued Next Page)*

J-S45017-25

The trial court heard oral argument regarding Bank's motion to lift the stay on March 6, 2024. On the same date, the trial court entered an order providing, in pertinent part, as follows:

> It appears that [Appellants] may be eligible for some relief through the Commonwealth of Pennsylvania, although they have not yet received confirmation of the availability of that relief. For that reason, it is ORDERED and DIRECTED that the Motion to Lift Stay and Removal from Mortgage Diversion Program is GRANTED effective March 29th, 2024. Absent further Order of Court, **the stay will remain in effect through March 29th, 2024, and automatically vacate thereafter.**

Order, 3/6/24 (emphasis added).

On April 16, 2024, Bank filed a praecipe for entry of a default judgment against Appellants, in the amount of $595,741.88. Bank attached thereto certificates of service for Schnars and Sickels, as well as copies of the certificates of mailing provided by the U.S. Postal Service, dated April 4, 2024. The prothonotary entered a default judgment against Appellants in the amount requested on April 16, 2024.

Upon praecipe by Bank, on the same date, the prothonotary issued a writ of execution. The writ contained the requisite Pa.R.C.P. 3129.2 (concerning notice of sheriff's sale) notice stating that the Property would be posted for sheriff's sale. Additionally, Bank provided an affidavit of service,

_____

and Removal From Mortgage Diversion Program, 2/22/24, ¶ 17. "During the pendency of the [prior] action, [] Schnars filed for Chapter 13 bankruptcy at Docket No. 4:21-BK-00802; however, that claim was later dismissed by the Bankruptcy Court [on] July 28, 2022." *Id.*, ¶ 18. Bank subsequently discontinued the first foreclosure action without prejudice.

- 4 -

certifying that Appellants were served with the Rule 3129.2 notice, at the Property's address, by first class mail. Bank attached thereto a copy of the certificate of mailing.

The Property was sold at the sheriff's sale on November 1, 2024. On November 21, 2024, Appellants filed a petition to set aside the sheriff's sale.[5] Appellants argued that Bank failed to provide proper written notice of the sale under Rule 3129.2.

Appellants filed an amended petition to set aside the sheriff's sale on December 9, 2024, alleging Bank's noncompliance with Rule 3129.2 on an additional basis. On February 3, 2025, Appellants filed a second amended petition, arguing they had believed, based on the advice of their bankruptcy counsel,[6] that the sheriff's sale had been stayed pending the bankruptcy action. Appellants also claimed they did not receive notice that the bankruptcy action had been dismissed. Appellants filed a third amended petition to set aside the sheriff's sale on March 13, 2025, asserting Sickels could pay off

_____

[5] On the same date, Attorney Tock withdrew her appearance on behalf of Schnars. Graham C. Showalter, Esquire, entered his appearance on behalf of both Appellants.

[6] Gail L. Hills, Esquire (Attorney Hills), represented Appellants in the bankruptcy action. According to Appellants, Attorney Hills advised them that the sheriff's sale had been stayed for the pendency of the bankruptcy action. Second Amended Petition to Set Aside Sheriff's Sale, 2/3/25, ¶ 1.2. Appellants alleged that Attorney Hills failed to attend a scheduled bankruptcy hearing on September 19, 2024, and her failure to appear resulted in the dismissal of Appellants' bankruptcy action. *Id.*, ¶¶ 1.5-1.6.

Appellants' mortgage obligation with the proceeds of her grandmother's estate, which she anticipated to be disbursed within the following month.

Appellants and Bank submitted briefs in support of their respective positions. The trial court heard argument on the petitions to set aside the sheriff's sale on March 14, 2025. On June 2, 2025, the trial court issued an opinion and order denying Appellants' petition to set aside the sheriff's sale. This timely appeal followed. Appellants and the trial court have complied with Pa.R.A.P. 1925.[7]

On appeal, Appellants raise the following issues for review:

I. Whether [Appellants'] lack of knowledge that their bankruptcy stay had been lifted as a result of their attorney is sufficient to set aside a sheriff's sale?

II. Whether a sheriff's sale should be set aside when a represented party believes that their stay from the bankruptcy court is still in effect at the time of the sheriff's sale because [Appellants'] counsel fails to notify them that the bankruptcy stay has been lifted prior to the date of the sheriff's sale?

III. Whether the trial court erred in failing to set aside the sheriff's sale?

Appellants' Brief at 5.[8]

_____

[7] In its Rule 1925(a) opinion, the trial court indicated it would rely on its June 2, 2025, opinion and order.

[8] Appellants' brief states that Schnars passed away during the pendency of the instant appeal. *See* Appellants' Brief at 17.

- 6 -

A petition to set aside a sheriff's sale invokes a trial court's equitable powers. *See Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013). We review the trial court's order for an abuse of discretion:

> The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. This [C]ourt will not reverse the trial court's decision absent a clear abuse of discretion.

*Irwin Union Nat'l Bank & Trust Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010) (internal citations and quotation marks omitted).

> Pennsylvania Rule of Civil Procedure 3132 provides as follows:
>
> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.[9] "Thus, the relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." *Famous*, 4 A.3d at 1102.

We will consider Appellants' final, and broadest, issue first. In their statement of questions presented, Appellants simply identify a claim that the underlying judgment is void based on a defect in service of original process under Pa.R.C.P. 410. Appellants' Brief at 5, 19. However, the substance of

---

[9] Because Appellants filed the petition to set aside sheriff's sale before the sheriff's delivery of the deed, the trial court concluded the petition was timely filed under Rule 3132.

- 7 -

Appellants' argument includes an assertion that "there is no evidence in the record that the sheriff's sale notice was ever made upon [] Sickels…." *Id.* at 23.[10]

Bank urges us to conclude that Appellants waived their challenge to service of the writ of execution by failing to raise it in the trial court or detail it in their Rule 1925(b) concise statement. *See* Appellee's Brief at 14-17 (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

Upon review, we agree with Bank that Appellants' claim is waived. Appellants did not specifically identify a defective service challenge in their court-ordered Rule 1925(b) concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii). Even if we considered Appellants' service challenge as preserved by their broad "catchall" issue, we would still conclude Appellants did not properly preserve their claim in the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Our review confirms that in their petition and first amended petition to set aside the sheriff's sale, Appellants challenged service only under Rule 3129.2, which governs notices for the sale of real property

_____

[10] Appellants' argument pertaining to defective notice is not well developed, and it is not entirely clear whether Appellants intend to challenge service of the complaint or service of the writ of execution and notice of sheriff's sale. In any event, their argument is premised entirely on the service requirements of Pa.R.C.P. 410 (Real Property Actions), which governs service of original process.

through a sheriff's sale. Appellants never challenged the service of original process under Rule 410. For these reasons as well, Appellants' claim is waived.

We consider Appellants' remaining, interrelated claims together. Appellants argue they believed the bankruptcy stay was still in effect at the time of the sheriff's sale. **See** Appellants' Brief at 16. According to Appellants, Attorney Hills rendered ineffective assistance in the bankruptcy action by failing to notify them that the bankruptcy action had been dismissed. **See id.** at 15, 17-18. Appellants also point out that Sickels anticipated that she would receive an inheritance, which would permit her to satisfy the mortgage. **Id.** at 18.

Bank counters that Appellants' "supposed reliance" on the representations of Attorney Hills does not constitute "proper cause" to set aside the sheriff's sale. Appellee's Brief at 21-22. Further, Bank points out that Appellants' argument relies on facts that are not of record in this matter. **Id.** at 22.

The trial court denied Appellants' petition to set aside the sheriff's sale, reasoning as follows:

> [Appellants'] claim that [Attorney Hills] failed to notify them of the dismissal of their bankruptcy petition is not a proper basis to set aside a sheriff's sale[,] where the sale has been regularly conducted. In **GMAC Mortgage Corp**[**.**] **of Pa. v. Buchanan**, [929 A.2d 1164 (Pa. Super. 2007), the] defendant filed two bankruptcy petitions which were dismissed for failure to file necessary documents. Thereafter, a third writ of execution was issued[,] and defendant again filed for bankruptcy the day before

the scheduled sale. As this was the third petition filed in a year, the bankruptcy court dismissed the petition, lifting the stay, in accordance with the bankruptcy code. Defendant allegedly contacted the sheriff's office and was erroneously informed by an unnamed employee that his property had been pulled from the sale. The sale went forward [] in defendant's absence. The Superior Court affirmed the trial court's holding that, under the circumstances, the defendant was not denied due process by virtue of his reliance upon an erroneous oral representation of an unnamed person. [*See id.* at 1168-69.] Here, [Appellants] contend they relied upon their attorney's representations concerning the bankruptcy stay. **If [Attorney Hill] gave them incorrect advice, however, their dispute is with [Attorney Hill] and not with [Bank], as the sale was otherwise properly conducted.**

Trial Court Opinion and Order, 6/2/25, at 6-7 (emphasis added; footnotes omitted).

The trial court also emphasized that Appellants "made no effort to satisfy their debt to [Bank] despite the passage of more than two years since being notified of their default." *Id.* at 7. Moreover, the trial court found that

the bankruptcy court notified [Appellants] of the dismissal of their bankruptcy case. The bankruptcy court order dismissing [Appellants'] bankruptcy case and, by implication, lifting the stay, was served upon [Appellants] by first class mail[,] according to the distribution list on the order. Proof that a document has been mailed raises a rebuttable presumption that it has been received. The mere assertion that it was not received, absent corroborating evidence, is insufficient to overcome the presumption of receipt.

*Id.* at 7-8 (footnotes omitted).

Upon review, we conclude the trial court did not err or abuse its discretion by concluding Appellants failed to establish proper cause to set aside the sheriff's sale. As detailed above, Appellants do not argue the notice of the sheriff's sale was inadequate under Rule 3129.2. Appellants seem to

- 10 -

suggest that, despite having received such notice, their failure to attend the sale or otherwise confirm whether the bankruptcy stay remained in effect should be excused based on Attorney Hills's alleged ineffectiveness.[11] Appellants have not cited any legal authority to support such a claim. *See Buchanan*, 929 A.2d at 1168 (in concluding the defendant was not denied due process by virtue of his reliance on an oral misrepresentation, noting the defendant had not cited "to any case law, statutory provision, statewide procedural rule or local rule that would either permit or require a sheriff to remove a property scheduled for a sheriff's sale from the sale list when no automatic stay in bankruptcy actually exists. … [The defendant] was properly notified of the date and time of the sheriff's sale, and neither he nor counsel appeared at the sale to verify that the property was removed from the list."). Appellants' remaining claims therefore do not entitle them to relief.

Based upon the foregoing, we affirm the trial court's order denying Appellants' petition to set aside the sheriff's sale of the Property.

_____

[11] We note, as the trial court suggested, that this appeal is not the appropriate forum in which to determine whether Attorney Hill was, in fact, ineffective in the bankruptcy action. Similarly, this Court is not in a position to determine whether Appellants received proper notice that their bankruptcy action was dismissed. We note simply that the certificate of notice for the bankruptcy dismissal order, which Bank attached to its brief in opposition to Appellants' petition to set aside the sheriff's sale, indicates that the dismissal order was served on Appellants by first class mail. *See* Bank's Brief in Opposition, 3/7/25, Exhibit 2.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/19/2026