J-A11003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF GREENE COUNTY, A CORPORATION | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JOHN M. ZEGLEN AND DIANE L. ZEGLEN, HIS WIFE AND UNITED STATES OF AMERICA | : : : : : | No. 729 WDA 2020 |
| APPEAL OF: JOHN M. ZEGLEN AND DIANE L. ZEGLEN | : : | |

Appeal from the Order Entered June 24, 2020
In the Court of Common Pleas of Fayette County Civil Division at No(s):
2613 of 2017, GD

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: OCTOBER 29, 2021**

John M. Zeglen and Diane L. Zeglen appeal from the order denying their Petition to Set Aside Sheriff's Sale. They maintain the lower court should have set aside the sale because the sale price was grossly inadequate and an affidavit in support of a notice of continued sale contained "false, misleading and, and or incorrect information." Zeglens' Br. at 4. They further argue that the court should have entered a rule to show cause, allowed discovery, or held a hearing before ruling on their petition. We affirm.

The Zeglens previously appealed the grant of summary judgment. In our decision affirming the order, we set forth the factual and procedural history of this matter as follows:

This case arises from mortgage foreclosure proceedings. In April 2003, the Zeglens executed a mortgage with [First Federal Savings and Loan Association of Greene County ("FFSL")] for $285,000, secured by real estate on which the Zeglens have since resided. Because they ceased making those payments in April 2017, the Zeglens were in default on their monthly mortgage payments. On July 3, 2017, as required by Pennsylvania's Emergency Mortgage Assistance Program (Act 91 of 1983, or "HEMAP"), FFSL sent both of the Zeglens an "Act 91 Notice." **See** FFSL's Complaint, 12/13/2017, at Paragraph 7 (Exhibits B, C and D).

Receiving no timely payments to cure the default, on December 13, 2017, FFSL filed a foreclosure complaint. **See id.** The case docket reflects that after two reinstatements, the Zeglens were served with the complaint on March 23, 2018.

The Zeglens filed two motions to stay the proceedings, both of which were denied. They then filed preliminary objections on May 30, 2018, and FFSL filed a response in opposition. On July 17, 2018, the Zeglens responded to FFSL's response. The trial court denied the Zeglens' preliminary objections with prejudice on July 24, 2018. The trial court then ordered the Zeglens to file an answer to FFSL's complaint within 20 days from that date.

On August 13, 2018, the Zeglens filed their "Preliminary Objections and/or Alternatively Answer and New Matter," and the trial court granted FFSL's motion to strike them because Diane Zeglen had not signed the document. The Zeglens filed a nearly identical pleading on September 12, 2018. On all three occasions that the Zeglens filed preliminary objections, they raised an essentially identical claim that FFSL had failed to attach its mortgage note to its complaint. FFSL filed a reply to the Zeglens' new matter and moved to strike their preliminary objections on September 28, 2018.

The trial court held a hearing on the Zeglens' preliminary objections, answer and new matter on October 4, 2018. At that

hearing, the Zeglens never objected to a lack of a briefing schedule as to their preliminary objections.

The trial court issued an opinion and order on November 9, 2018, overruling all of the Zeglens' preliminary objections. The trial court noted in the opinion that the Zeglens had repeatedly raised the same preliminary objections even after their denial with prejudice. FFSL then filed a motion for summary judgment. The Zeglens filed a response but did not argue that the pleadings were still open due to a lack of a briefing schedule on preliminary objections. After holding a hearing, the trial court granted FFSL's summary judgment motion. The Zeglens timely appealed and both they and the trial court complied with Pa.R.A.P. 1925.

*First Fed. Sav. & Loan Ass'n of Greene Cty. v. Zeglen*, 226 A.3d 621 (Pa.Super. 2020).

While the appeal was pending,[1] Zeglens then sought a stay of execution, which the trial court initially denied. Despite the initial denial, FFSL agreed to continue the sale. FFSL filed an affidavit identifying those with liens and interests in the property, pursuant to Pa.R.C.P. 3129.1, and the sheriff served notice of continued sale on those identified, pursuant to Pa.R.C.P. 3129.3. The continued sale took place as scheduled, and bidding opened at costs. FFSL bid that amount and acquired the property for an alleged sale price of $1,248.90. The Zeglens petitioned to set aside the sale, and the court denied relief. The Zeglens filed this timely appeal.

The Zeglens raise the following issues:

I. Whether the court erred and/or abused its discretion in denying Defendants' Petition to Set Aside Sheriff's Sale of Real Property on the basis that "the appeal filed by the Defendants was denied by the Superior Court on February 26, 2020, and as a result of which

_____

[1] This Court ultimately affirmed the summary judgment. *See id.*

there is no cognizable reason to set aside the sale" because there are reasons with merit contained in the defendants' petition to set aside sheriff's sale.

II. Whether the court erred and/or abused its discretion in denying Appellants' Petition to Set Aside Sheriff's Sale of Real Property because of gross inadequacy of price given the price at Sheriff's Sale and the value of the property and the price/value ratio between the price at sheriff's sale and the value of the property?

III. Whether the court erred and/or abused its discretion in denying Appellant's Petition to Set Aside Sheriff's Sale of Real Property because of the irregularities involving the sheriff's sale where the affidavit pursuant to Pa.R.C.P. 3129.1 filed by Appellee contains false, misleading, and/or incorrect information pertaining to judgment and/or lien creditors; contains false, misleading and/or incorrect names of persons who have a record lien on the property; and contains false, misleading and/or incorrect information pertaining to who has any legal interest in the property?

IV. Whether the court erred and/or abused its discretion in denying Appellant's Petition to Set Aside Sheriff's Sale of Real Property without following proper procedure and/or adhering to due process by not entering a rule to show cause, by not providing a reasonable period of discovery where for example Appellants could obtain [thorough] discovery[,] copies of appraisals in possession of Appellee[,] or other evidence of value in possession of Appellee, and/or by not holding a hearing and giving the Appellants an opportunity to be heard and provide additional evidence of value or otherwise to provide an even stronger case to set aside the sheriff's sale.

Zeglens' Br. at 4-5.

A petition to set aside a sheriff's sale is a request for equitable relief addressed to the sound discretion of the Court of Common Pleas. **Blue Ball Nat'l Bank v. Balmer**, 810 A.2d 164, 167 (Pa.Super. 2002); **Greater Pittsburgh Bus. Dev. Corp. v. Braunstein**, 568 A.2d 1261, 1263 (Pa.Super. 1989). The petitioner bears the burden of proof. **Id.** We will reverse the denial

of such a petition only for a clear abuse of discretion. ***Kaib v. Smith***, 684 A.2d 630, 631-32 (Pa.Super. 1996).

The Zeglens' first issue contends that the trial court erred because their petition to set aside raised meritorious issues. ***See*** Zeglens' Br. at 10-12. This issue merely bundles the Zeglens' other issues and affords them no independent basis for relief. As we find the Zeglens' remaining issues meritless, this issue warrants no further discussion.

In the Zeglens' second issue, they contend that the sale should be set aside due to the alleged inadequacy of the sale price. ***See*** Zeglens' Br. at 13. The Zeglens argue that the price was 0.2% of the value of the home and thus grossly inadequate. ***Id.*** at 15. Although proof of the sale price is not of record, the parties both allege that the bid was $1,248.90.  This claim fails.

Where a sale is challenged based on alleged inadequacy of the price, a low price standing alone is not a sufficient basis for setting aside a sheriff's sale. ***Bank of Am., N.A. v. Est. of Hood***, 47 A.3d 1208, 1211 (Pa.Super. 2012) (citing ***Blue Ball Nat'l Bank v. Balmer***, 810 A.2d 164, 166–67 (Pa.Super. 2002)). Rather, the petitioner must show that the price was "grossly inadequate." ***Id.*** Each case turns on its own facts, and for this reason the term "grossly inadequate price" has never been fixed at any given percentage or amount. ***Id.*** In determining whether the sale price in a mortgage foreclosure sale was grossly inadequate, the court must consider the outstanding mortgage balance. ***Id.*** (citing ***Cont'l Bank v. Frank***, 495

A.2d 565, 569 (Pa.Super. 1985)). A price received at a duly advertised public sale is presumed to be the highest and best obtainable. *Id.*

The trial court concluded that the Zeglens had failed to establish that the sale price was grossly inadequate:

> [The Zeglens] have had the property listed for sale for at least a year without concluding a sale, and the property remains listed for sale for $449,000.00. While [John M. Zeglen] assert[s] previous appraisals of over $600,000 and an assessed value of almost $500,000, those values are unreliable and irrelevant.
>
> In addition to the remaining principal balance, [FFSL] represented that it is owed approximately $60,000 in real estate taxes, an assertion that [Zeglen] acknowledged. At the time of the writ issuance, the principal balance was listed as $243,309.34, plus an HOA lien of $1,225.00 and a Commonwealth lien of $3,225.84. With the current taxes, [FFSL] is owed well over $300,000.00, plus interest, penalties and attorney's fees. Under those circumstances, the claim that the price garnered at the Sheriffs Sale was "grossly inadequate" is simply false.

Trial Ct. Op., filed 11/10/20, at 3-4.

The court did not abuse its discretion. When we consider that FFSL is owed more than $300,000, we cannot say that the court improperly rejected the Zeglens' argument, even assuming FFSL can resell the property for something approaching the Zeglens' asking price.

In their third issue, the Zeglens argue that the court abused its discretion in refusing to set aside the sale because of alleged irregularities with the notice and affidavit of sale. Zeglens' Br. at 17. They contend that the affidavit inaccurately identified those who had liens on and legal interests in

the property. They claim that the alleged inaccuracies "may have had the effect of persuading potential bidders to not bid or reduce the amount of any prospective bids. . . ." *Id.* at 18.

The trial court opined that the Zeglens' Pa.R.A.P. 1925(b) statement failed to specify the allegedly inaccurate information and that, accordingly, it could not formulate a response and the Zeglens had waived the issue. It also found that, even if the Zeglens properly preserved this issue, it lacks merit.

Pennsylvania Rule of Civil Procedure 3129.1 requires that before a sheriff's sale may take place, the plaintiff must file an affidavit identifying, among others, those with an "interest" in the property that "may be affected by the sale," "to the best of the affiant's knowledge or information and belief":

**Rule 3129.1. Sale of Real Property. Notice. Affidavit**

(a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

(b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief as of the date the praecipe for the writ of execution was filed the name and address or whereabouts of

(1) the owner or reputed owner of the real property and of the defendant in the judgment; and

(2) every other person who has any record lien on that property; and

(3) every other person who has any record interest in that property which may be affected by the sale; and

- 7 -

> (4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.
>
> If the name and address or whereabouts of the persons in subparagraph (1) through (4) cannot be reasonably ascertained, the affidavit shall so state.

Pa.R.C.P. 3129.1(a), (b). For purposes of this Rule, the term "interest" is given a "very broad" meaning. *Id.*, Explanatory Comment.

Even if some "interest" holders were improperly identified, we cannot agree that their inclusion was an irregularity requiring the setting aside of the sale. We are not convinced that the Zeglens sustained prejudice. As FFSL points out, notice – even to those without an "interest" in the property – serves to encourage competitive bidding. Furthermore, the affidavit merely named those thought to have an "interest" in the property, "to the best of the affiant's knowledge or information and belief." Those wishing to bid were merely on notice of potential "interest" holders and could determine the extent of any such "interest." We are not convinced, absent further evidence and discussion, that the naming of such persons depressed bidding or otherwise prejudiced the Zeglens.

In their final issue, the Zeglens argue that the court erred by not adhering to due process by failing to enter a rule to show cause and hold a hearing on their petition to set aside the sale. They also contend the court similarly erred by not providing them a reasonable period of discovery. Zeglens' Br. at 19-20. The Zeglens contend that, since the trial court required briefs, it should have held argument as well.

"[T]he general rule is that it is within the discretion of the trial court to determine whether briefs and/or oral argument are required to rule on a petition; it is also within the discretion of the trial court to decide whether a matter can be best disposed of from a review of the record alone." **GMAC Mortg. Corp. of PA v. Buchanan**, 929 A.2d 1164, 1169 (Pa.Super. 2007) (quoting **Thomas v. Elash**, 781 A.2d 170, 177 (Pa.Super. 2001)). An examination of the Rules of Civil Procedure relating to sheriff's sales reveals no rule requiring a hearing on said petitions.

The court stated:

> As noted in this [c]ourt's June 23, 2020 Order, however, [the Zeglens] never obtained a stay of the Sheriff's sale despite the pendency of the previous appeal. As noted above, it is obvious from all of the proceedings in this case that [John Zeglen]—a recently suspended attorney—is interposing every possible meritless delay tactic. Requiring [FFSL] to show cause why the sale should not be invalidated, providing discovery, and conducting a hearing would only have caused the desired delay. From the time the sale was held—September 11, 2019—until the Order denying the Petition to Set Aside the Sale—June 23, 2020— constituted a period of over nine months. [The Zeglens] had all the time reasonably necessary to obtain appraisals, and failed to do so. [The Zeglens] have held and occupied the mortgaged home for more than three years without paying a single payment while [FFSL] continues to pay the real estate taxes and other expenses to preserve the value of their collateral.

Trial Ct. Op., filed 11/10/20, at 3-4.

Although the Zeglens attempt to distinguish **Buchanan**, where this Court found the trial court did not abuse its discretion in declining to conduct a hearing on a petition to set aside a sheriff's sale, by arguing that the matter

does not refer to a sheriff's sale and that in **Buchanan** there were no issues of fact, their attempt is unavailing. Zeglens' Br. at 20. Contrary to the Zeglens' argument, **Buchanan** did clearly refer to a sheriff's sale. **See Buchanan**, 929 A.2d at 1169. Further, the Zeglens have not pointed to any authority requiring the court to issue a rule to show cause and hold a hearing.

The Zeglens' additional citations to **Jefferson Bank v. Newton Assocs.**, 686 A.2d 834 (Pa.Super. 1996) and **Irwin Union Nat'l Bank & Trust Co. v. Famous**, 4 A.3d 1099 (Pa.Super. 2010), are likewise inapposite. **Newton Assocs.** concerned a petition to set aside a sheriff's sale based upon allegations of fraud and does not address whether or not the court must hold a hearing or allow discovery. 686 A.2d at 664-65. In **Famous**, a third-party purchaser sought to set aside a sheriff's sale and receive discovery. 4 A.3d at 1101. This Court determined that the petitioner was not entitled to discovery where its motion did not identify, with specificity, the discovery sought and how it would affect its arguments. **Id.** at 1103. Neither case stands for the proposition that hearings are required and do not demonstrate any error here.

Here, the court could dispose of the Zeglens' two main issues—the sale price and the affidavit—without further evidence or argument. Thus, the court in the instant case was within its discretion to decide that the matter was best considered on the record alone. **Buchanan**, 929 A.2d at 1169; Trial Ct. Op., filed 11/10/20, at 3-4. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2021