J-S34016-21

2022 PA Super 45

| | | |
|---|---|---|
| LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 592 MDA 2021 |
| | : | |
| JOHN L. PETROSKY AND DONNA M. PETROSKY | : : | |

Appeal from the Order Entered April 13, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201600973

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY McLAUGHLIN, J.:                    **FILED MARCH 14, 2022**

LSF8 Master Participation Trust, c/o Cailber Home Loans, Inc. ("LSF8") appeals from the order denying its petition to set aside a sheriff's sale as untimely. We affirm.

The trial court aptly set forth the underlying facts:

This is a mortgage foreclosure action. Respondents, John and Donna Petrosky ["Petroskys"], are the owners of three parcels of land in Luzerne County known collectively as 51 Petrosky Lane, Weatherly, PA. A residential home sits on one of the tracts. The other two are landlocked vacant parcels. Title to the residential parcel was conveyed to [the Petroskys] by deed ("2002 Deed") which was executed on August 16, 2002 and recorded in the Luzerne County Recorder of Deeds on January 24, 2012. Title to the vacant, landlocked parcels was conveyed to the [Petroskys] by deed ("1988 Deed") on September 2, 1988 and was recorded on September 6, 1988.

On November 6, 2006, John Petrosky, as borrower, and Donna Petrosky, as nonborrowing spouse, executed and delivered

a mortgage ("the Mortgage") to Beneficial Consumer Discount d/b/a Beneficial Mortgage Co. of Pennsylvania ("Lender") on November 6, 2006. The Mortgage was recorded in the Luzerne County Recorder of Deeds on November 9, 2006. The legal description of the property ("Mortgaged Property") in the Mortgage is that of the vacant, landlocked parcels, not the parcel on which the residence is located.

Lender assigned the Mortgage to [LSF8]. The Assignment was recorded on November 19, 2014.

On February 5, 2016, [LSF8] filed this action to foreclose based on the [Petroskys'] default pursuant to its terms. On June 30, 2017, a judgment *in rem* was entered in favor of [LSF8] against the [Petroskys] in the amount of $130,129.17. A sheriff's sale of the Mortgaged Property was held on December 1, 2017 ["Sheriff's sale"]. The purchaser was [LSF8]. Following the [Sheriff's sale], the Mortgaged Property was conveyed to [LSF8] by Sheriff's Deed and was recorded with the Luzerne County Recorder of Deeds on January 11, 2018.

On September 20, 2020, [LSF8] filed a Petition to Set Aside Sheriffs Sale and Vacate Foreclosure Judgment because, it contends, the property description in the Mortgage should have been the parcel on which the residence is located, not the landlocked vacant land. [LSF8] seeks this relief so it can file a quiet title action to correct the error in the Mortgage.

Tr. Ct. Pa.R.A.P. 1925(a) Op., 6/24/21, at 1-2.

After the trial court conducted a hearing regarding LSF8's petition to set aside the Sheriff's sale on October 19, 2020, the court issued an order denying the petition on April 12, 2021. The instant timely appeal followed and both the court and LSF8 complied with Pa.R.A.P. 1925.

LSF8 raises the following issues:

1) Did the Trial Court err by applying the legal standard applicable to a defendant to set aside a Sheriff's sale?

2) Did the Trial Court err by holding that a mistake is not sufficient grounds for a Plaintiff to set aside a Sheriff's sale?

LSF8's Br. at 1.

In its first issue, LSF8 argues that the trial court erroneously concluded that it lacked discretion to set aside the Sheriff's sale. Pointing to what it terms the courts' "power to reform recorded instruments" for "mutual mistake," LSF8 claims that the parties committed a mutual mistake by their "inclusion of the incorrect legal description" in the subject mortgage. LSF8's Br. at 8-9. LSF8 maintains that if the Sheriff's sale is not set aside, the Petroskys will receive an unjust windfall. In its second issue, LSF8 asserts that even though its petition to set aside the Sheriff's sale was facially untimely, the alleged mutual mistake in the Mortgage should have constituted an exception to the timeliness requirement because the mistake caused the sheriff to lack "authority" to conduct the Sheriff's sale. *Id.* at 11.

LSF8's issues are interrelated, and we discuss them together. We will not reverse a trial court's decision regarding whether to set aside a sheriff's sale "absent a clear abuse of discretion." *Wells Fargo Bank N.A. v. Zumar*, 205 A.3d 1241, 1245 (Pa.Super. 2019). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." *Id.* (citation omitted).

"A petition to set aside a sheriff's sale is grounded in equitable principles[.]" *Id.* at 1244 (*citing GMAC Mortgage Corp. of Pa. v. Buchanan*,

929 A.2d 1164, 1167 (Pa.Super. 2007)). The petitioner bears the burden of establishing grounds for relief. ***Id.***

A court may only grant a petition to set aside a sheriff's sale when it is filed before the sheriff's delivery of the deed. ***Mortgage Elec. Regis. Sys. v. Ralich***, 982 A.2d 77, 79 (Pa.Super. 2009); Pa.R.C.P. 3132 ("Upon petition of any party in interest **before delivery of the personal property or of the sheriff's deed to real property,** the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances") (emphasis added).

Further, Pa.R.C.P. 3135 provides:

(a)When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

***Id.***

Taken together, Rules 3132 and 3135(a) "make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." ***Mortgage Elec. Regis. Sys.***, 982 A.2d at 80. "There is an exception to this time bar, however. A sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." ***Id.***

In this case, the trial court determined that LFS8's petition was untimely because it was filed in September 2020, approximately two years and nine months after the sheriff's deed at issue was recorded with the Luzerne County Recorder of deeds, in January 2018. ***See id.*** at 79. The court considered LFS8's argument regarding a "mutual mistake" in the Mortgage but rejected it. The court explained that "although the possibility exists that the description of the land in the Mortgage might not be what the parties intended, the Mortgage nonetheless contained a valid legal description of existing land owned by [the Petroskys] that was able to be sold at a sheriff's sale and conveyed to [LFS8] by sheriff's deed." Tr. Ct. Op., at 4. Thus, the court concluded that LFS8 failed to establish that any alleged mutual mistake in the Mortgage caused the sheriff to lack authority to conduct the Sheriff's sale.

Although LFS8 cites authority regarding mutual mistakes and the reformation of documents, it cites no precedent or other authority stating that a court may set aside a sheriff's sale after delivery of the deed because of a mutual mistake in the mortgage. Its citation to ***Mackanass v. Long***, 85 Pa. 158 (Pa. 1877), is utterly inapt. That case relates to the sale of personal property, was decided long before the promulgation of the Rules of Civil Procedure, and nowhere states that an execution sale may be set aside on account of mistake. Indeed, it nowhere uses the word "mistake." The reference to ***1400 Market St., LLC v. Fox Funding, LLC***, No. 3391 EDA 2014, 131 A.3d 90 (Pa.Super. 2015) (mem.), is impermissible. ***See*** LFS8's Br. at 10-11. This Court's memorandum decisions filed on or before May 1, 2019

- 5 -

may not be cited for any reason other than for purposes of law of the case and related doctrines. Pa.R.A.P. 126.[1]

LFS8's reliance on **Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919 (Pa.Super. 2010), is likewise misplaced. There, the mortgagors moved to strike a default judgment and set aside a sheriff's sale after the execution and recordation of a sheriff's deed. This Court concluded that the default judgment was facially defective because the record did not show that the plaintiff/bank was the real party in interest. We therefore reversed the denial of the petition to strike the default judgment and set aside the sheriff's sale. LFS8 posits that the case *sub judice* is analogous because an alleged mutual mistake in the Mortgage regarding the description of the Mortgaged Property should have rendered the sheriff without proper authority to conduct the Sheriff's sale. We disagree.

The instant case is readily distinguishable because the sheriff did not lack authority to conduct the Sheriff's sale. To the contrary, as the trial court noted, the Mortgage contained a valid legal description of the Mortgaged Property, and the foreclosure proceeding and Sheriff's sale included the necessary parties. Therefore, LFS8's argument that the sheriff lacked

_____

[1] Moreover, we have reviewed this Court's decision in **1400 Market St.**, and even if we were to consider it as persuasive authority, it would offer LSF8 no help. There, the real owner of the property at issue was not a party to the mortgage foreclosure proceedings that ultimately led to the sheriff's sale. An entity with a similar name had been named. We held that the omission of an indispensable party resulted in the sheriff lacking authority to conduct the sale. No similar omission of an indispensable party has occurred here.

authority to conduct the sale does not warrant relief. Hence, we hold that LSF8's petition to set aside the Sheriff's sale was patently untimely and not subject to a timeliness exception due to fraud or lack of authority for the sale. Accordingly, we affirm the trial court's order denying LSF8's petition to set aside the Sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2022