J-S08004-24

2024 PA Super 100

| ALI WASHABAUGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GAUDENZIA, INC. | : | No. 1363 MDA 2023 |

Appeal from the Order Entered August 29, 2023
In the Court of Common Pleas of Fulton County Civil Division at No(s):
56-2023-C

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.:                                    **FILED: MAY 17, 2024**

Appellant, Ali Washabaugh, appeals from the order entered August 29, 2023, granting Appellee Gaudenzia, Inc.'s ("Gaudenzia") motion for judgment on the pleadings and dismissing her complaint with prejudice.  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> On July 30, 2018, [Appellant] began working for Gaudenzia at their [drug and alcohol] outpatient [treatment] center located in McConnellsburg, Fulton County, Pennsylvania.  Prior to her employment with Gaudenzia, [Appellant] received a medical marijuana card in April 2018.  According to [Appellant], her supervisor learned that she possessed a medical marijuana card and then allegedly began harassing and discriminating against her.  During her employment, [Appellant] was required to take a drug test, which returned a positive result for marijuana.  On February 10, 2020, Gaudenzia sent [Appellant] a notice of termination letter.  After receiving this letter, [Appellant] provided Gaudenzia with a copy of her medical marijuana card.

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] was not reinstated, based on Gaudenzia's Drug-Free Workplace Policy.

Thereafter, [Appellant] filed a complaint on March 3, 2023, alleging a violation of the Medical Marijuana Act[ ("MMA"), 35 P.S. § 10231.101, *et. seq*.,] because Gaudenzia terminated her "on the basis of her status as an individual who is certified to use medical marijuana." Gaudenzia filed an answer and new matter on April 24, 2023. [Appellant] responded to Gaudenzia's new matter on May 5, 2023.

On June 23, 2023, Gaudenzia filed a motion for judgment on the pleadings, [arguing] that [Appellant's] claim was barred by the statute of limitations and punitive damages are not recoverable under the [MMA. Appellant] complied with [the trial court's] June 30, 2023 order directing her to respond by filing a brief in opposition on July 10, 2023. Gaudenzia filed a response to [Appellant's] brief in opposition on July 27, 2023[.]

[In her brief in opposition, Appellant] argued that the governing statute of limitations was the six-year statute of limitations contained in 42 Pa.C.S.[A.] § 5527(b). Gaudenzia argued that the two[-]year statute of limitations for wrongful termination contained in 42 Pa.C.S.[A.] § 5523 should be applicable. Ultimately, [the trial court] found the two-year statute of limitations applicable and [and dismissed Appellant's complaint with prejudice on] August 25, 2023. [This timely appeal followed].

Trial Court Opinion, 11/9/23, at 1-3 (unnecessary capitalization and footnote omitted).

Appellant raises the following issue on appeal:

Did the trial court err in applying a two[-]year statute of limitations to dismiss Appellant's complaint with prejudice where the six[-]year statute of limitations should be applied to claims brough[t] under [the MMA]?

Appellant's Brief at 2.

Our standard of review when considering the grant of a motion for judgment on the pleadings is as follows.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**Coleman v. Duane Morris, LLP**, 58 A.3d 833, 836 (Pa. Super. 2012) (citations omitted).

Herein, Appellant challenges the trial court's determination that a two-year statute of limitations applied to the instant matter, as opposed to a six-year statute of limitations. The determination of which statute of limitations applies to a cause of action is "purely a question of law[. A]ccordingly, our standard of review is *de novo*, and our scope of review is plenary." **Ash v. Continental Ins. Co.**, 932 A.2d 877, 879 (Pa. 2007).

Our Supreme Court previously explained:

Subchapter B of Chapter 55 of the Judicial Code establishes the limitations periods for civil actions. *See* 42 Pa.C.S.[A.] § 5501 *et seq*. It states the following actions are subject to a two-year limitations period:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

[42 Pa.C.S.A.] § 5524. Under § 5525 of the subchapter, the following types of actions are subject to a four-year statute of limitations:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

[42 Pa.C.S.A.] § 5525.  The subchapter also identifies a few civil actions that are exempt from any limitations period.  **See** [42 Pa.C.S.A.] § 5531. Any civil action that does not fall within one of the limitations periods set forth therein, and is not exempt under § 5531, is subject to a six-year "catch-all" limitations period.  [42 Pa.C.S.A.] § 5527(b).

**Ash**, 932 A.2d at 879–880.  To determine which statute of limitations applies, the court must look to the nature of the claim pursued.  **See KEM Res., LP v. Deer Park Lumber, Inc.**, 310 A.3d 142, 151 (Pa. 2024) (explaining that the Court was required to "determine the nature of [the appellant's] accounting claim" to find "the applicable statute of limitations").

A review of Appellant's complaint reveals the following.  First, Appellant's complaint set forth "a cause of action for wrongful termination 'on the basis of her status as an individual who is certified to use medical marijuana.'"  Trial Court Opinion, 8/29/23, at 4 (citation omitted); **see also**

- 5 -

Appellant's Complaint, 3/3/23, at 5-6 (averring that Appellant was a certified user of medical marijuana under the MMA and that Gaudenzia violated the MMA by terminating her employment and having a Zero-Tolerance Drug-Free Workplace Policy). Second, Appellant did not allege that her employment was terminated in violation of her employment contract, as she did not attach or even allege that an employment contract existed between her and Gaudenzia. Trial Court Opinion, 8/29/23, at 4 (citation omitted). Finally, Appellant "request[ed] compensatory damages, lost wages, and front and back pay as a result of the termination of employment."[1] **Id.** Thus, it is unquestionable that Appellant's claim sounded in "tortious conduct," which is governed by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524. **Id.**; **see Raliegh v. Westinghouse Elec. Corp.**, 550 A.2d 1013, 1014 (Pa. Super. 1988) (holding that the appellant's claim of wrongful discharge based on racial discrimination was "analogous to a tort claim for personal injury" and, as such, a two-year statute of limitations period applied). Because Appellant failed to commence the instant action within two years of her injury (Appellant's termination occurred on February 10, 2020, but she did not file a complaint in

---

[1] Appellant's damage claims are entirely consistent with those permitted and pursued in employment discrimination cases. **See Renner v. Court of Common Pleas of Lehigh County**, 234 A.3d 411, 415 (Pa. 2020) (explaining that the appellant's complaint raised "claims of unlawful discrimination and retaliation" and that the appellant sought, inter alia, "compensatory damages for medical and psychological expenses, back pay and future earnings, and damages for mental, psychological, and emotional injuries, as well as reinstatement to his former position" for the "allegedly discriminatory conduct").

this matter until March 3, 2023), the trial court correctly determined that her claim was barred by the statute of limitations.[2]  ***See id.*** (holding that the

_____

[2] In developing her challenge to the trial court's conclusion, Appellant makes the passing suggestion on appeal that the limitations period for her MMA claims ends on September 12, 2024.  She bases this assertion on her contention that "claims for employment discrimination or wrongful termination brought under the [Pennsylvania Human Relations Act ("PHRA")] are subject to [a] two [] year [statute of] limitation[s] [and] that this limitations period commences on the date of the [Pennsylvania Human Relations Commission's ("PHRC")] dismissal of the case."  Appellant's Brief at 9, n.2.  Appellant included with her brief to this Court a PHRC letter, dated September 12, 2022, which dismissed her complaint and provided her the right to sue in state court. ***See id.*** at App. C.  Based upon the foregoing, Appellant argues that the "statute of limitations for [her] claims brought under the PHRA . . . expires on or about September 12, 2024."  ***Id.*** at 9, n.2.

We reject Appellant's contention – and do so for two reasons.  First, Appellant's current claim was not brought under the PHRA.  Appellant's complaint before the trial court made no reference to the PHRA, or the PHRC's prior determination.  In fact, Appellant did not even attach the PHRC's September 12, 2022 letter to her complaint.  Instead, the sole basis for relief pursued in Appellant's complaint was the MMA.  ***See*** Appellant's Complaint, 3/3/23, at 5-6.  It is apparent, therefore, that Appellant abandoned any potential claim under the PHRA and the trial court could not have considered the PHRA, or its procedural mechanism for calculating the limitations period, in assessing Gaudenzia's motion for judgment on the pleadings.  ***See*** Trial Court Opinion, 11/9/23, at 4-5 (explaining that Appellant disavowed her claims brought pursuant to the PHRA in the relevant pleadings, including in her reply to Gaudenzia's new matter, wherein Gaudenzia attached the September 12, 2022 letter from the PHRC and, as such any claim that the "applicable start dates contained within the PHRA are irrelevant and inapplicable . . . because [Appellant's] claim [was] not brought under the PHRA").  Second, we cannot consider the PHRC's September 12, 2022 letter because it is not part of the certified record.  ***See Eichman  v. McKeon***, 824 A.2d 305, 316 (Pa. Super. 2003) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case.") (citation omitted).  Under these circumstances, we are compelled to reject Appellant's suggestion that we calculate the limitations period for Appellant's claims under the MMA using a procedural mechanism prescribed for claims arising under the PHRA.

statute of limitations began to run "as of the date of [the appellant's] discharge from employment").

On appeal, Appellant does not dispute the trial court's characterization of the allegations within her complaint or its conclusion that her claims sounded in tortious conduct based upon her alleged wrongful discharge. Instead, Appellant urges this Court to "reject" the trial court's conclusion and hold that all actions brought under the MMA are subject to the six-year catch-all limitations period of 42 Pa.C.S.A. § 5527(b). Appellant's Brief at 19. To advance her claim, Appellant argues that the MMA's "remedial nature" requires "liberal construction," which supports the application of a six-year limitations period. *Id.* at 17 (citation omitted). In addition, Appellant likens the MMA to the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") as well as the Pennsylvania Criminal History Record Information Act ("CHRIA"), which both apply a six-year statute of limitations. More specifically, Appellant claims that, like the UTPCPL and CHRIA, the MMA is "*sui generis*" in nature and, as such, "encompasses a multiplicity of practices, rights, and obligations that sound in various areas of the law" that are "separate and distinct from mere tort[] or employment-related causes of action." Appellant's Brief at 16-17; *see also id*. at 12-15 (referencing various provisions of the MMA which protect, *inter alia*, a certified medical marijuana user's rights in custody determinations, a user's privacy rights, and various education and zoning laws that purport to protect users, dispensaries, and care providers from discrimination to support her claim that, under these

provisions, various causes of action under the MMA can be brought). Accordingly, Appellant argues that a six-year statute of limitations is most appropriate. In support of her claim, Appellant cites to this Court's decision in **Gabriel v. O'Hara**, 534 A.2d 488 (Pa. Super. 1987) and **Taha v. Bucks Cnty. Pennsylvania**, 367 F. Supp. 3d 320 (E.D. Pa. 2019). We therefore begin our analysis with a brief review of each decision.

We first address this Court's decision in **Gabriel**. In that case, our Court was called upon to determine "the appropriate statute of limitations for private actions under the [UTPCPL]." **Gabriel**, 534 A.2d at 489. Initially, this Court noted that the legislature "[i]nexplicably . . . failed to include a statute of repose for either actions for damages or injunctive relief under [S]ection 201-9.2" even though it included within the UTPCPL the right to pursue "private enforcement actions." **Id.** at 493; **see also** 73 P.S. § 201-9.2 (allowing for private causes of action under the UTPCPL). The **Gabriel** Court recognized that the UTPCPL "encompass[ed] an array of practices" like "passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty" and, was "*sui generis* [in] nature." **Gabriel**, 534 A.2d at 494; **see also id.** at 495 (explaining that the UTPCPL "embrace[d] actionable conduct which sound[ed] in assumpsit as well as trespass and which parallel actions upon contracts as well as those arising in tort"). Based upon this finding, the Court determined that, applying "the most closely analogous limitations period" of any potential cause of action brought under the UTPCPL would lead to "inconsistent

determinations." *Id.* at 494; *see also id.* at 493-494 (noting that the trial court in *Gabriel* determined that, because "[a]n action pursuant to the UTPCPL must necessarily sound in fraud and deceit" a two-year statute of limitations applied while the United States District Court of the Eastern District of Pennsylvania held that a cause of action brought under the UTPCPL was "essentially a claim for libel" and therefore, was subject to a one-year statute of limitations) (emphasis omitted). This Court, therefore, held that the application of a "uniform six-year statute of limitations" to all claims arising out the UTPCPL was necessary to "preclude [] uncertainty and inconsistency." *Id.* at 494.

In this same vein, the United States District Court for the Eastern District of Pennsylvania in *Taha* considered the appropriate statute of limitations for claims brought under the CHIRA.[3] Like this Court in *Gabriel*, the *Taha* court initially noted that, while a right to pursue a private action existed under the CHIRA, the legislature failed to include an "[express] statute of limitations." *Taha*, 367 F.Supp. at 327; *see also* 18 Pa.C.S.A. § 9183 (allowing for private causes of action under the CHIRA). The *Taha* court recognized that the CHIRA "encompasse[d] an array of practices . . . that sound in various areas of law." *Taha*, 367 F.Supp. at 329 (citation omitted). In particular, the court stated:

> The CHRIA provides, for example, that criminal history record information shall be disseminated "to any individual or

---

[3] The *Taha* Court addressed the defendants' claim regarding the appropriate statute of limitations after initially concluding that the issue was waived. *See Taha*, 367 F.Supp. 3d at 325-326.

noncriminal justice agency only upon request," that criminal history record information "shall be expunged" under a variety of circumstances, that state licensing agencies "shall not" consider certain criminal history record information when determining eligibility for professional licenses and certifications, that private employers may only consider criminal history record information in certain circumstances, that criminal justice agencies "shall ensure the confidentiality and security of criminal history record information" through several specified procedures, and more.

*Id.* (internal citations omitted); *see also id.* (explaining that the "heterogenous [nature] of [the aforementioned] claims can be analogized to various Pennsylvania common law causes of action . . . not all of which necessarily sound in tort"). Thus, the *Taha* court, like this Court in *Gabriel*, held that the application of a uniform six-year statute of limitations was appropriate to prevent courts from "analogiz[ing] the various violations of the CHIRA to different common law causes of action" and causing "inconsisten[t]" results. *Id.*

As stated above, Appellant herein urges this Court to follow in the footsteps of *Gabriel* and *Taha* and apply a six-year statute of limitation to claims brought under the MMA. In so doing, however, Appellant overlooks a key fact that undermines her position. Specifically, Appellant does not acknowledge that, unlike the UTPCPL and CHIRA, the General Assembly did **not** include a private right of action under the MMA. **Compare** 18 Pa.C.S.A. § 9183 (allowing for private causes of action under the CHIRA); 73 P.S. § 201-9.2 (allowing for private causes of action under the UTPCPL). To the contrary, this Court in *Palmiter v. Commonwealth Health Systems Inc.*,

- 11 -

held that a single, implied cause of action existed within the MMA. 260 A.3d 967 (Pa. Super. 2021). In particular, this Court looked to "the mischief to be remedied, the object to be obtained, and the consequences of a particular interpretation" and found that a private right of action under Section 10231.2103(b) of the MMA should be implied to ensure "a public policy designed to protect certified users of medical marijuana from employment discrimination and termination." **Id**. at 976-977. Hence, unlike **Gabriel** and **Taha**, this Court does not face a variety of actions under the MMA and, in turn, the possibility that courts will apply varying or inconsistent limitations periods. Instead, at this juncture, only **one** private cause of action is recognized under the MMA - wrongful discrimination and termination – which, in turn, results in the application of only **one** limitations period. While the MMA may, one day, be considered *sui generis* in nature and, in turn, require a further review of the applicable statute of limitations, that is not the current state of the law and we decline Appellant's invitation to assume as such.

Based upon the foregoing, we affirm the trial court's order granting Gaudenzia's motion for judgment on the pleadings and dismissing Appellant's complaint with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>05/17/2024</u>