J-A08038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| U.S. BANK TRUST NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELLI TROIANI AND MICHAEL TROIANI | : | |
| | : | No. 1588 EDA 2023 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered June 8, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2016-003805

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 7, 2024**

Kelli Troiani and Michael Troiani appeal from the order denying their petition to set aside sheriff's sale. We affirm.

In May 2016, U.S. Bank Trust National Association's ("U.S. Bank") predecessor in interest commenced this mortgage foreclosure action against Kelli Troiani and Michael Troiani, husband and wife, on real property in Media, Pennsylvania. Mr. Troiani, an attorney, entered his appearance as counsel on behalf of himself and his wife. In November 2018, an *in rem* judgment was entered by agreement against the Troianis in the amount of $857,406.76, plus interest. In February 2020, U.S. Bank's predecessor in interest sought to execute on the judgment. The sheriff's sale was originally scheduled for June 2020, but was ultimately continued to March 18, 2022. U.S. Bank was substituted as the plaintiff in the matter.

U.S. Bank sent notice of the sheriff's sale scheduled for March 18, 2022 to Mr. Troiani's law office at 115 Dauphin Drive, Media, PA 19063 by both regular and certified mail. U.S. Bank also sent notice of the sale to Mr. Troiani's former law office at 25 West Third Street, Media, PA 19063. **See** Affidavits of Mailing, dated 2/8/22; Amended Affidavit Pursuant to Rule 3129.2, dated 11/30/22.

The property was sold at the sheriff's sale, and the Troianis filed their first petition to set aside the sheriff's sale. The court granted the petition and ordered that the sale of the property be "relisted and conducted on Friday, November 18, 2022[.]" Order, 9/20/22. The order also provided that "further advertisement of the Sheriff's sale is not required, and there is no requirement for new notice of sale to the [Troianis], nor a requirement for new notice of sale to the lienholders previously set forth in [U.S. Bank's] Affidavit Pursuant to Pa.R.C.P. 3129.1." **Id.** The order further stated that "[U.S. Bank] will provide [the Troianis] with copies of this Order." **Id.**

U.S. Bank sent to Mr. Troiani's office at 115 Dauphin Drive, via first class regular mail, a copy of the order directing that the property be relisted for the November 18, 2022 sheriff's sale. **See** Letter, dated 9/29/22, attaching copy of Order, 9/20/22.

Thereafter, on November 18, 2022, the property was sold at sheriff's sale and U.S. Bank was the successful purchaser of the property.

The Troianis then filed their second petition to set aside sheriff's sale asking the court to set aside the sheriff's sale held on November 18, 2022.

- 2 -

The court held argument and denied the petition. This timely appeal followed. The Troianis raise a single issue: "Did the lower court commit reversible error in denying [the Troianis'] Second Petition to Set Aside Sheriff['s] Sale?" Troianis' Br. at 10 (suggested answer omitted).

The Troianis argue they never received proper notice of the sheriff's sale. They maintain U.S. Bank's earlier notice of the sheriff's sale on March 18, 2022 failed to comply with Pennsylvania Rules of Civil Procedure 3129.1 and 3129.2. *Id.* at 18. Mr. Troiani argues that although U.S. Bank claims it served him at his work address at 115 Dauphin Drive by certified mail, he did not sign the certified mailing. He states that someone named "Micheal" signed, which is not how he spells his name, and claims it was not his signature. *Id.* at 23. He argues that he was the only person at the 115 Dauphin Drive address to sign for a certified mailing. *Id.* at 13, 23.

The Troianis further argue that although the September 20, 2022 order indicated that no new notice of the relisted sale was required, they never received proper service of the earlier sale on March 18, 2022, so U.S. Bank was required to effectuate new service on them. They also contend that the September 20, 2022 order was not a "special order" under Pa.R.C.P. 3129.3(a) as it was "not based on a motion filed by [U.S. Bank] nor was it the result of a sale being stayed, continued, postponed or adjourned." *Id.* at 16.

"A petition to set aside a sheriff's sale is grounded in equitable principles[.]" ***LSF8 Master Participation Trust v. Petrosky***, 271 A.3d 1288, 1291 (Pa.Super. 2022) (citation omitted). "The petitioner bears the burden of

- 3 -

establishing grounds for relief." *Id.* The petitioner also bears the "burden of showing inadequate notice result[ed] in prejudice[.]" ***GMAC Mortgage Corp. of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa.Super. 2007). "When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion." ***Id.***

The notice requirements for sheriff's sales of real property are set forth in Pennsylvania Rules of Civil Procedure 3129.1, 3129.2, and 3129.3. Under Rule 3129.1, "[n]o sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129.1(a). Rule 3129.2 requires written notice of the sale of real property "to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1[.]" Pa.R.C.P. 3129.2(a). Rule 3129.2 further states service of the notice shall be made "upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440[.]" Pa.R.C.P. 3129.2(c)(1)(ii); ***see also*** Pa.R.C.P. 3129.2 Explanatory Cmt. – 1989 ("in the case of a defendant who has entered an appearance, subdivision (c)(1)(ii) provides that the notice of sale is to be served in the same manner as other legal papers pursuant to Rule 440 upon the defendant's attorney of record or, if none, upon the defendant himself"). Rule 440, in turn, allows service "by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or

prior pleading of the party, or at such other address as a party may agree[.]" Pa.R.C.P. 440(a)(1)(i).

Here, U.S. Bank complied with Rule 3129.2(c)(1)(ii) by sending notice of the March 18, 2022 sheriff's sale to Mr. Troiani, as attorney of record, at his office at 115 Dauphin Street via regular mail on February 8, 2022. Mr. Troiani claims he did not sign the certified mailing, but Rule 440 contains no requirement that service must be made by certified mail. Moreover, Mr. Troiani does not contend that the address where U.S. Bank mailed the notice – 115 Dauphin Street – was an incorrect address. Thus, the Troianis' claim that they did not receive notice of the March 18, 2022 sale is without merit.

Furthermore, the court's September 20, 2022 order provided that no further notice of the rescheduled sale was required. Generally, if a sale of real property is stayed, continued, postponed, or adjourned, new notice must be given. *See* Pa.R.C.P. 3129.3(a). However, if there is a "special order of court," new notice is not required. *See id.* The Rule does not define a special order nor contain any specific limitation on what might constitute a special order. The Explanatory Comment to Rule 3129.3, however, states that an exception to the new notice requirement is "a special order of court **dispensing with the requirement of new notice**" and this exception "gives the court discretion to allow postponement of the sale without new notice in appropriate cases." Pa.R.C.P. 3129.3 Explanatory Cmt. – 1989 (emphasis added).

Here, the court's September 20, 2022 order was a special order of court. It relisted the sale for a date certain and indicated that "further advertisement

of the Sheriff's sale is not required, and there is no requirement for new notice of sale to the [Troianis.]" **See** Order, 9/20/22. Thus, under Rule 3129.3, there was no need for new notice or advertisement. The Troianis do not allege that U.S. Bank failed to serve them with the September 20, 2022 order or that they were unaware of the rescheduled date. Further, contrary to the Troianis' contention, there is no requirement in Rule 3129.3(a) that a motion must be filed to request a special order. Because U.S. Bank provided the requisite notice for postponing the sheriff's sale, as required by Rule 3129.3, the Troianis were on notice of the sale on November 18, 2022. The court did not abuse its discretion in denying the petition to set aside sheriff's sale.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/7/2024