J-S13024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SUSAN IRONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NA LIN | : | No. 1439 WDA 2023 |

Appeal from the Order Entered November 13, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-22-002664

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.: **FILED: August 19, 2024**

In this quiet title/adverse possession action, Susan Irons ("Irons") appeals from the November 13, 2023 order of the Allegheny County Court of Common Pleas ("trial court") granting the motion for judgment on the pleadings filed by Na Lin ("Lin"). Because the trial court correctly found notice of the sheriff's sale proceedings was proper and Irons did not assert any adverse possession claim until after the sheriff's deed was delivered, we affirm.

The record reflects that Irons is the owner of real property situated in the Borough of Swissvale, Allegheny County, Pennsylvania, which is designated in the Allegheny County Deed Registry as Parcel ID No. 234-K-240

_____

[*] Former Justice specially assigned to the Superior Court.

(the "Irons Property"). Irons took title to the Irons Property by deed recorded on September 22, 1997. Lin is the owner of three parcels of vacant land situated in the Borough of Swissvale, Allegheny County, Pennsylvania, which are designated in the Allegheny County Deed Registry as Parcel ID Nos. 234-K-212, 234-K-214, and 234-K-216 (collectively, the "Lin Property"). Lin acquired the Lin Property via sheriff's sale on October 4, 2021, and took title by sheriff's deed delivered to her on November 3, 2021. The Lin Property is adjacent to the Irons Property at the rear.

Irons commenced this action on March 10, 2022, by filing a praecipe for writ of summons—lis pendens. After Lin filed a praecipe for rule to file a complaint, Irons filed a complaint in quiet title/adverse possession on June 21, 2022. Irons averred that during her entire ownership of the Irons Property, she exclusively maintained and controlled the Lin Property, including the construction of a driveway. Irons asserted that she satisfied all the requirements to obtain adverse possession title to the Lin Property, and sought a judgment in quiet title establishing that she obtained title to the Lin Property by virtue of adverse possession.

Lin filed an answer, new matter, and counterclaim in quiet title, wherein she sought to quiet title in her name and attached documentation of filings and notices relating to the sheriff's sale that were provided to interested parties by both certified mail and posting on the Lin property. Irons filed a reply, denying she had notice of the sheriff's sale or that notice was posted on

the Lin Property, and asserting that she constructed, maintained, and used a stone driveway on the Lin Property to access the Irons Property for over twenty-five years, and thus acquired title by adverse possession prior to the sale.[1]  Lin replied, denying a driveway existed on the Lin Property and asserting that, "[a]t best, a dirt path exists with a small amount of gravel thrown down."  Lin's Reply to Irons' New Matter to Counterclaim, 10/27/2022, ¶ 116.

On January 31, 2023, Lin filed a motion for judgment on the pleadings and brief in support, and Irons filed a brief in opposition.  After argument, the trial court granted Lin's motion on November 13, 2023 and judgment was entered on November 21, 2023.  This timely filed appeal followed.

Irons raises the following two issues for our review:

1. Did [Irons] obtain adverse possession title to the Lin Property prior to the upset tax sale?

2. Was [Irons] entitled to notice of the upset tax sale?

Irons' Brief at 4.

Our standard of review of the trial court's grant of judgment on the pleadings is de novo and our scope of review is plenary.  ***Mut. Benefit Ins. Co. v. Koser***, __ A.3d __, 2024 WL 3282807 (Pa. Super. filed July 3, 2024).

---

[1] Irons raised in new matter that, even if the sheriff's sale divested her adverse possession rights, she retained a prescriptive easement over the portion of the Lin Property where the driveway was located.  ***See*** Irons' Reply to New Matter, Answer to Counterclaim, and New Matter, 10/24/2022, ¶ 118.  Irons does not raise this issue on appeal and we therefore do not address it.

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a). "A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Washabaugh v. Gaudenzia, Inc.*, 316 A.3d 1008, 1011 (Pa. Super. 2024) (citation omitted). "A trial court must confine its consideration to the pleadings and relevant documents." *Id.* "The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Id.*

Irons' issues are interrelated and we address them together. Irons argues that she obtained adverse possession title to the Lin Property before the sheriff's sale and was therefore entitled to notice of the sale. Irons' Brief at 8. Irons contends that she has been in possession of the Lin Property since September 22, 1997, without permission of the prior record owner. *Id.* at 11-12. She asserts that she constructed and maintained a stone driveway, which she used as the sole means of access to the Irons Property for over twenty-five years. *Id.* Relying on *Ewing v. Dauphin County Tax Claim Bureau*, 375 A.2d 1373 (Pa. Cmwlth. 1977), she argues that she became the

record owner of the Lin Property on September 22, 2018—more three years before the sheriff's sale—and therefore was not required to file a petition to set aside the sheriff's sale. *Id.* at 12-15. Irons argues that, as record owner as of September 22, 2018, she was entitled to receive notice of the sheriff's sale by certified mail or personal service. *Id.* at 14-15. Because she did not, Irons contends the sale was invalid. *Id.*

The trial court concluded that Irons' "interests in the Lin Property were effectively extinguished by the sheriff's sale" and she could "make no recovery based upon the facts averred." Trial Court Opinion, 12/20/2023, at 4 (unpaginated). The trial court found that "notice of the sheriff's sale was full and complete on its face and that [Irons] had been properly noticed." *Id.* The trial court explained Irons received proper notice of the sale because Lin attached documents to her pleadings, including a certificate to post notice of the sheriff's sale on the Lin property, the notice of the sheriff's sale, and the sheriff's returns of service of such documents, and Irons' pleadings contained no allegations of fraud or facts to suggest service of notice did not occur. *Id.* at 3-4. The trial court further found that because Irons "provided no evidence of fraud or lack of authority to make this sale," it could not set aside the sheriff's sale of the Lin Property. *Id.* at 4.

Section 31.1 of the Municipal Claims and Tax Liens Act ("MCTLA")[2] provides a mechanism for taxing authorities to satisfy judgments for municipal or tax claims by selling properties at a sheriff's sale, clear of all claims, liens, mortgages, ground rents, charges and estates. 53 P.S. § 7282.[3] For counties of the second class (like Allegheny County), when the county has obtained a judgment on a tax or municipal claim, it may file a petition which sets forth the facts necessary to show the right to sell; a title search or a title insurance policy showing the state of the record and the ownership of the property; and all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land as shown by the official records of the county or political subdivision in which the real estate is located. *Id.*

When such a petition is filed and a rule to show cause is issued, section 39.2 of the MCTLA governs service. It provides, in pertinent part, that the rule should be served on the owner and other interested parties:

> (1) By posting a true and correct copy of the petition and rule on the most public part of the property.
>
> (2) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record, the county or municipality shall mail by first class mail and either by certified mail, return receipt requested, or by certificate of mailing to such addresses as appear on the respective records

---

[2] Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §§ 7101-7505.

[3] Irons refers throughout her brief to the sale of the Lin Property as an upset tax sale. *See* Irons' Brief at 4, 6-9, 12, 14-15. The record reflects that the Lin Property was sold pursuant to section 31.1 of the MCTLA relating to judicial sales and not section 29 relating to upset sales. *See* 53 P.S. §§ 7279, 7282.

relating to the premises a true and correct copy of the petition and rule.

53 P.S. § 7193.2(a.1). "No party whose interest did not appear on a title search or title insurance policy, because of the party's failure to record or properly record its interest, shall have standing to complain of improper notice if the county or municipality shall have complied with subsection (a.1)." ***Id.*** § 7193.2(b.1). Notice under subsection (a.1) is "the only notice required before a court may enter a decree ordering a tax sale free and clear of liens." ***Id.***

"Our courts have consistently held that in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence." ***Jacks Auto Parts Sales, Inc. v. MJ Auto Body & Repair, LLC***, 305 A.3d 162, 169 (Pa. Super. 2023) (citations omitted). It is the challenging party's burden to establish that service was improper. ***Id.***

Upon delivery of the sheriff's deed for any property sold under the provisions of section 31.1 of the MCTLA, "the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive, and the validity thereof shall not be questioned for any cause whatsoever." 53 P.S. § 7282; ***see also LSF8 Master Participation Tr. v. Petrosky***, 271 A.3d 1288, 1291 (Pa. Super. 2022) ("A court may only grant a petition to set aside a sheriff's sale when it is filed before the sheriff's delivery of the deed."); Pa.R.Civ.P. 3132 ("Upon petition of any party in interest **before delivery** of

the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances[.]") (emphasis added); Pa.R.Civ.P. 3135 (setting forth time period to raise a challenge to a sheriff's sale); *Mortgage Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 79 (Pa. Super. 2009) ("[D]elivery of a sheriff's deed divests the [trial] court of the authority to set aside a sheriff's sale."). The sole exception is that a "sheriff's sale may be set aside after delivery of the sheriff's deed based on fraud or lack of authority to make the sale." *LSF8 Master Participation Tr.*, 271 A.3d at 1291.

Here, the record reflects that on December 18, 2020, the County of Allegheny ("the County"), a second-class county, commenced an action[4] by filing a praecipe for writ of scire facias sur tax lien for unpaid taxes on the Lin Property.[5] *See* Answer, New Matter, and Counterclaim, 8/31/2022, Ex. E

_____

[4] The case was docketed in the trial court at number GD-20-012793 and captioned as "County of Allegheny, Plaintiff, vs. Joseph F. Jumba, With Notice to Heirs & Assigns; Anna Mae Jumba, With Notice to Heirs & Assigns, Joseph J. Novitsky, Executor of the Estate and Known Heir of Anna Mae L. Jumba & Dolores E. Novitsky, Known Heir of Anna Mae L. Jumba, Defendants."

[5] As our Supreme Court has explained:

Scire facias means literally "you are to make known, show cause." Black's Law Dictionary 1347 (7th ed.1999). A writ of scire facias is a mandate to the sheriff, which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a

*(Footnote Continued Next Page)*

(Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282, at Ex. A (docket GD-20-012793 entries)). The County moved for alternate service, and on March 17, 2021, the trial court issued, pursuant to Rules 430(a)[6] and 410(c)(2)[7] of the Pennsylvania Rules of Civil Procedure, an

---

given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution. The writ of scire facias serves the dual purposes of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

***Safe Harbor Water Power Corp. v. Fajt***, 876 A.2d 954, 965 n.10 (Pa. 2005).

[6] Rule 430 provides, in pertinent part:

(a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa.R.Civ.P. 430(a).

[7] Rule 410 provides, in pertinent part:

(c) If service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service:

*(Footnote Continued Next Page)*

order permitting the sheriff to serve the defendants by posting in the most public part of the Lin Property and by first-class mail with a certificate of mailing. *See id.*, Ex. B (Order of Court, 3/17/2021). On April 19, 2021, twelve sheriff's returns of service were docketed, attesting that defendants were served with the writ scire facias by posting on the Lin Property on that same date. *See id.*, Exs. C (Sheriff Return, 4/19/2021), E (Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282, at Ex. A (docket GD-20-012793 entries)).

On May 27, 2021, the court entered default judgment and on June 4, 2021, the County filed a petition for rule to show cause why the Lin Property should not be sold pursuant to 53 P.S. § 7282. *See id.*, Exs. D (Praecipe to Enter Judgment), E (Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as

---

(1)    publication as provided by Rule 430(b),

(2)    posting a copy of the original process on the most public part of the property,

(3)    registered mail to the defendant's last known address, and

(4)    such other methods, if any, as the court deems appropriate to give notice to the defendant.

Pa.R.Civ.P. 410(c).

- 10 -

amended, 53 P.S. § 7282, at Ex. A (docket GD-20-012793 entries)). Therein, the County averred that it had "obtained a title abstract which shows the state of the record and the ownership of the [Lin Property] as well as all tax and municipal claims, liens, mortgages, charges, and estates of record against the [Lin Property]." ***See id.***, Ex. E (Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282, ¶ 4). The County included the "Current Occupant/Tenant" of the Lin Property as a respondent whose record interests may be affected. ***Id.*** The County mailed a copy of the petition to all defendants and respondents, including Current Occupant/Tenant, advising that the petition would be presented to the trial court as uncontested unless notice of any objection or intention to contest was received by the County. ***See id.***, Ex. E (Notice of Presentation of Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282; Petition for Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282, ¶ 10, Ex. B). On June 18, 2021, the trial court issued a rule upon defendants and respondents directing them to show cause why the Lin Property should not be sold at sheriff's sale. ***See id.***, Ex. F (Order of Court – Rule, 6/18/2021). The County filed certificates of service of the rule to show cause, as well as the notice of sheriff's sale, certifying that service of both was made by mailing and posting on the

Lin Property. *See id.*, Ex. G (Certificate of Service of Rule to Show Cause; Certificate of Service of Notice of Sheriff Sale). The County included sheriff's returns of service of the rule and notice of sale by posting on July 12, 2021 and by certified mail, including to Current Occupant/Tenant, on June 21, 2021. *Id.*

The trial court issued a final order of court on August 26, 2021, ordering that the Lin Property be sold at a future sheriff's sale "free and clear of all taxes, tax claims, liens, claims, municipal claims, mortgages, ground rents, charges, and estates[.]" *See id.*, Ex. H (Order of Court – Final, 8/26/2021). Notice thereof was given by certified mail, including to Current Occupant/Tenant, on August 30, 2021. *See id.*, Ex. I (Certificate of Service of Final Order). On September 8, 2021, the County filed a certificate of notice that the date of the sheriff's sale was continued to October 4, 2021, and a certificate of service thereof by mail, including to Current Occupant/Tenant. *See id.*, Ex. J (Notice of the Date of Continued Sheriff Sale; Certificate of Service).

Based on the foregoing, numerous filings at docket GD-20-012793 confirm service of notice of the sheriff's sale proceedings by both posting on the Lin Property and certified mail, including to Current Occupant/Tenant. While Irons generally denied in her reply to new matter that postings occurred, *see* Irons' Reply to New Matter, 10/24/2022, ¶¶ 29, 31, 36, 52, she provided no support for her assertion and did not claim that the sheriff's returns of

- 12 -

service—or certificates of mailing, for that matter—were inaccurate or fraudulent. As such, Irons has not met her burden of establishing that service was improper. **See Jacks Auto Parts**, 305 A.3d at 169.

Irons further argues that, as a purported "record owner" by adverse possession, she was entitled to, but did not receive, notice by personal service or certified mail of the sheriff's sale proceedings. **See** Irons' Brief at 14-15. While Irons claims to be a "record owner," she does not assert her claimed adverse possession rights actually appear anywhere of record, nor is there any indication in the record before us that she recorded her interest before the sale. As our discussion above reflects, the County complied with the requirements set forth in section 39.2 of the MCTLA, 53 P.S. § 7193.2(a.1). Therefore, Irons lacks standing to complain of improper notice to her. **See** 53 P.S. § 7193.2(b.1).

Moreover, even assuming (without deciding) that Irons adversely possessed the Lin Property, any property interest she may have claimed therein would have been lost by virtue of the sheriff's sale and delivery of the sheriff's deed. As noted above, the County petitioned the trial court for a rule to show cause why the Lin Property should not be sold free and clear of all encumbrances pursuant to 53 P.S. § 7282, and the trial court issued an order directing the property be sold "free and clear of all taxes, tax claims, liens, **claims**, municipal claims, mortgages, ground rents, charges, and estates[.]" **See** Answer, New Matter, and Counterclaim, 8/31/2022, Exs. E (Petition for

Rule to Show Cause Why Properties Should Not Be Sold Pursuant to Section 31.1 of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7282), H (Order of Court – Final, 8/26/2021) (emphasis added). Accordingly, Lin purchased and took title to the Lin Property free and clear of all claims.

Moreover, the record reflects that the sheriff's deed was delivered to Lin on November 3, 2021. *See id.*, Ex. A (Sheriff's Deed to Lin). Once the sheriff's deed was delivered, the trial court was without power to set aside the sale unless Irons petitioned to set it aside based upon fraud or lack of authority to make the sale, which she did not do. *See LSF8 Master Participation Tr.*, 271 A.3d at 1291. We therefore agree with the trial court that it could not set aside the sheriff's sale of the Lin Property.[8]

Based on the foregoing, we affirm the trial court's grant of Lin's motion for judgment on the pleadings.[9]

_____

[8] Irons claims that *Ewing* entitled her to notice of the sheriff's sale, *see* Irons' Brief at 12-15, but her reliance on *Ewing* is misplaced. In *Ewing*, a purchaser bought two real estate lots exposed to sale for delinquent taxes as the property of "owner unknown." *Ewing*, 375 A.2d at 287. Ewing successfully sued in equity, seeking to set aside the sale because notice of the sale was not posted on the property and he adversely possessed the lots. *Id.* Unlike in *Ewing*, the record here confirms that notice of the sheriff's sale proceedings was properly posted on and mailed to the Lin Property. *See* Answer, New Matter, and Counterclaim, 8/31/2022, Exs. B-E, G, I-K.

[9] To the extent the trial court relied in any part on 42 Pa.C.S. § 5527.1(c), we note that such section is not applicable herein. *See* Trial Court Opinion, 12/20/2023, at 3 (unpaginated). Section 5527.1 of the Judicial Code sets forth a ten-year statute of limitations period for acquiring certain real property by adverse possession; however, it only applies to real property that, in

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/19/2024

---

pertinent part, does not exceed one-half acre and is improved by a single-family dwelling that is and has been occupied by a possessor seeking title thereunder for ten years. 42 Pa.C.S. § 5527.1(h) (defining "real property"). Instantly, Irons does not claim there is a single-family dwelling on the Lin Property, and the recorded sheriff's deeds indicate that the Lin Property consists of vacant land. **See** Answer, New Matter, and Counterclaim, 8/31/2022, Ex. A (Sheriff's Deed to Lin). This error does not alter our disposition. **See Commonwealth v. Richards**, 284 A.3d 214, 221 (Pa. Super. 2022) (en banc) ("[W]here the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself.") (citation and quotation marks omitted).

- 15 -